**U. S. Department of Justice**

Civil Division

---

Washington, D.C. 20530

July 29, 2002

Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Granted. So ordered. USDJ 7-30-02*

Re: <u>Turkmen, et al. v. Ashcroft, et al., Civil Action No. 02 CV 2307 (E.D.N.Y.) (JG).</u>

Dear Judge Gleeson:

    Defendants John Ashcroft, Robert Mueller, James Ziglar, Dennis Hasty, Michael Zenk, and the United States of America respectfully request leave to exceed the 25-page limit for legal memoranda set forth in this Court's individual motion practice rules at IV.B. and an extension of time to serve the defendants' motion to dismiss. The defendants seek permission to file a 75-page memorandum of law to fully brief the many applicable defenses warranting dismissal of the numerous individual and official capacity claims asserted against them in this action. The defendants also seek until August 26, 2002 to serve the motion to dismiss, which is a 17-day extension to the current briefing schedule.

    Counsel for the parties have conferred, and plaintiffs' counsel have kindly consented to the requested extensions. Plaintiffs' counsel also stated an intention to seek an identical extension of the page limit for their opposition memorandum and an extension until October 8, 2002 to file the memorandum, which the defendants consent to.

    At the pre-motion conference held in this case on July 9, 2002, you ordered the plaintiffs to file an amended complaint by July 26, 2002 and the defendants to serve their proposed motion to dismiss by August 9, 2002. You also ordered defendants' counsel to serve a single, comprehensive motion to dismiss on behalf of all of the defendants rather than separate motions for the United States and the individual defendants in their official and individual capacities.[1] You indicated at the conference that additional time to respond to the amended complaint would be permitted if needed and that the defendants could seek an extension of the page limit for legal memoranda.

---

[1] Had each of the named defendants and the United States been represented separately and filed separate motions to dismiss, they would have been permitted a combined total of 150 pages under this Court's rules to brief the various defenses available to them. The joint legal memorandum the defendants seek to file is much shorter and more efficient.

The amended complaint is a proposed class action on behalf of all "male, Muslim non-citizens from the Middle East, South Asia and elsewhere" who were allegedly arrested after the terrorist attacks of September 11, 2001 and held for longer than necessary to secure their departures from the United States. The amended complaint is 62 pages in length, which is 22 pages longer than the original complaint, and it adds four new plaintiffs to the original three, one defendant to the original four, and six new counts to the original eleven. The seven named plaintiffs claim a wide range of illegal and disparate treatment related to their arrest, detention, and eventual removal from this country, and they seek both equitable and monetary relief. Included in their many legal theories are claims under various provisions of the First, Fourth, Fifth and Sixth Amendments of the United States Constitution, the Alien Tort Statute, 28 U.S.C. § 1350, the Vienna Convention on Consular Relations, 21 U.S.T. 77, Art. 36, international law, and state common law. In regard to just one component of their Fifth Amendment claim, plaintiffs have referred to no less than 21 separate conditions of confinement that they allegedly experienced while in custody that they apparently claim violated their rights. The defendants must address each of plaintiffs' many legal theories in their memorandum of law.

In addition to the numerous claims asserted by the plaintiffs in this case, different defenses exist for the United States and the five named defendants in both their individual and official capacities. The United States will seek to substitute itself for the named defendants under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, in regard to plaintiffs' international law claims and will seek dismissal of those claims on sovereign immunity grounds. The United States and the named defendants in their official capacities will seek dismissal of plaintiffs' equitable relief claims on the ground that plaintiffs lack standing to seek such relief. The named defendants in their individual capacities will seek dismissal primarily on qualified immunity grounds. Proper assertion of the qualified immunity defense, in particular, will require detailed analysis of many of the legal theories and factual assertions in the amended complaint, and there are numerous Supreme Court and Second Circuit decisions concerning all the proposed defenses that warrant thorough discussion.

The named defendants in this action include the Attorney General, the Director of the Federal Bureau of Investigation, and the Commissioner of the Immigration and Naturalization Service, three of the highest ranking law enforcement officials in the federal government. Plaintiffs' claims against those defendants are based upon actions they allegedly took in an effort to safeguard the fundamental security of this nation in the wake of the September 11 terrorist attacks. There is no question that the outcome of this litigation could have important and far-reaching consequences in the effort to protect against future attacks and to effectively wage the ongoing war against international terrorism.

Considering the potential stakes in the litigation, the length of the amended complaint, the many parties, and the numerous claims and defenses, the defendants respectfully contend that the requested extensions are fully warranted under the circumstances.

Sincerely,

*Timothy P. Garren* (signature)

TIMOTHY P. GARREN (TG 2136)
Senior Trial Counsel
United States Dept. of Justice
Ben Franklin Station, P.O. Box 7146
Washington, D.C. 20044
(202) 616-4171
FAX (202) 616-4314

cc: Barbara J. Olshansky, Esq.
    Nancy Chang, Esq.
    Center for Constitutional Rights
    666 Broadway, 7th Floor
    New York, New York 10012

    David Cole, Esq.
    c/o Georgetown University Law Center
    600 New Jersey Avenue, N.W.
    Washington, D.C. 20001

    Paul Hoffman, Esq.
    Schonbrun, De Simone, Seplow, Harris
     & Hoffman
    723 Ocean Front Walk
    Venice, California 90201