LAW OFFICES OF
RICHARD WARE LEVITT
148 East 78th Street
New York, New York 10021
Tel: 212-737-0400
*Attorneys for Defendant Raymond Cotton*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IBRAHIM TURKMEN, ASIF-UR-REHMAN
SAFFI, SYED AMJAD ALI JAFRI, YASSER
EBRAHIM, HANY IBRAHIM, SHAKIR
BALOCH, AKHIL SACHDEVA, and
ASHRAF IBRAHIM, on behalf
themselves and all others similarly situated,

               Plaintiffs,

    v.

JOHN ASHCROFT, and
RAYMOND COTTON,  et al.,

            Defendants.
-------------------------------------------------------------X

02 CIV 2307 (JG)
(Gleeson, J.)
(Pollak, M.J.)


**ANSWER**

      Defendant RAYMOND COTTON, by and through his attorneys the Law

Offices of Richard Ware Levitt, as and for his Answer to the Third Amended

Class Action Complaint (hereinafter "Complaint") states the following:

## ANSWER TO "NATURE OF ACTION"[1]

      1.     Denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 1 of the Complaint. Refers all

questions of law to the Court at the trial of this action.

---

[1] Headings in the Complaint are repeated here for reference purposes only and are not admissions of their substance.

1

2.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 2 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

3.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 3 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

4.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 4 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

5.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 5 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

6.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 6 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

7.      Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 7 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

2

8.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 8 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and refers all questions of law to the Court at the trial of this action.

## ANSWER TO "JURISDICTION AND VENUE"

11.     Denies the allegations contained in Paragraph 11 of the Complaint except admits that Plaintiffs purport to bring this action pursuant to the laws to which reference is made in said Paragraph.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in Paragraph 13 of the Complaint  and refers all questions of law to the Court at the trial of this action.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and refers all questions of law to the Court at the trial of this action.

## ANSWER TO "JURY DEMAND"

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and refers all questions of law to the Court at the trial of this action.

3

## ANSWER TO "PARTIES"

### The MDC Plaintiffs

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

### The Passaic Plaintiffs

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

### Defendants

23.     Admits that JOHN ASHCROFT is or was the Attorney General of the United States.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24.     Admits that ROBERT MUELLER is or was Director of the Federal Bureau of Investigation.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25.     Admits that JAMES W. ZIGLAR is a former Commissioner of the INS. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

**The MDC Defendants**

26.     Admits that DENNIS HASTY was the Warden of MDC.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Admits that MICHAEL ZENK is the Warden of MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Admits that Defendant SHERMAN is or was the MDC Associate Warden for Custody. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Admits that SALVATORE LOPRESTI was or is a captain at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Admits that STEVEN BARRERE is or was a Lieutenant at MDC.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Admits that WILLIAM BECK is or was a Lieutenant at MDC.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Admits that LINDSEY BLEDSOE is or was a Lieutenant at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Admits that JOSEPH CUCITI is or was a Lieutenant at MDC.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Admits that HOWARD GUSSAK is or was a Lieutenant at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Admits that MARCIAL MUNDO is or was a Lieutenant at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Admits that DANIEL ORTIZ is or was a Lieutenant at MDC.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Admits that STUART PRAY is or was a Lieutenant at MDC.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Admits that ELIZABETH TORRES is or was a Lieutenant at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint.

6

40. Admits that SIDNEY CHASE is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40 of the Complaint.

41. Admits that MICHAEL DEFRANCISCO is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41 of the Complaint.

42. Admits that RICHARD DIAZ is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42 of the Complaint.

43. Admits that KEVIN LOPEZ is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43 of the Complaint.

44. Admits that MARIO MACHADO is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44 of the Complaint.

45. Admits that MICHAEL MCCABE is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45 of the Complaint.

46. Admits that RAYMOND MICKENS is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of the Complaint.

47. Admits that JOHN OSTEEN is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Admits that BRIAN RODRIGUEZ is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Admits that SCOTT ROSEBERRY is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Admits that CHRISTOPHER WITSCHEL is or was a Correctional Officer at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Admits that Defendant RAYMOND COTTON is or was a Counselor at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Admits that Defendant CUFFEE is or was a Counselor at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Admits that CLEMMET SHACKS was a Counselor at MDC. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53 of the Complaint.

### ANSWER TO "CLASS ACTION ALLEGATIONS"

54.     Admits that Plaintiff seeks to represent a certified Plaintiff class consisting of "male non-citizens" described in the first set of subparagraphs (a), (b) and (c) of Paragraph 54 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 54 of the Complaint.

8

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 and its subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i) and (j) of the Complaint and refers all questions of law to the Court at the trial of this action.

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and refers all questions of law to the Court at the trial of this action.

62.     Denies the allegations contained in Paragraph 62 of the Complaint and refers all questions of law to the Court at the trial of this action.

63.     Denies the allegations contained in Paragraph 63 of the Complaint and refers all questions of law to the Court at the trial of this action.

## ANSWER TO "STATEMENT OF FACTS"

### General Allegations

64.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

68.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 72 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

10

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint and refers all questions of law to the Court at the trial of this action.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 and its subparagraphs (a), (b), (c), (d), and (e) of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 75 and it subparagraphs (a), (b), (c), (d), and (e) of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

76.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 76 and it subparagraphs (a), (b), (c), (d), and (e) of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

**Inspector General's June 2003 Report on September 11 Detainees**

77.     Admits that a report by the Office of the Inspector General, dated April 2003, entitled "The September 11 Detainees: A Review of the Treatment of Aliens Held on Immigration Charges in Connection with the Investigation of the September 11 Attacks" ("OIG Report") was annexed as Exhibit I to the Second Amended Complaint. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 79 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

80.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of the Complaint except admits that ADMAX SHU detainees were required under BOP and/or MDC rules or policy to be restrained and accompanied by four staff members when traveling outside of their cells, and that, upon information and belief, cameras were in each cell in ADMAX SHU.

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Complaint. Refers all questions of law to the Court at trial of this action.

**The Challenged MDC Policies and Customs and the Inspector General's December 2003 Supplemental Report on the September 11 Detainees**

85.     Admits that a report by the Office of the Inspector General entitled "Supplemental Report on September 11 Detainees' Allegations of Abuse at the Metropolitan Detention Center in Brooklyn, New York" was attached to the Complaint as

Exhibit 1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 86 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO COMMUNICATIONS BLACKOUT AT MDC

### Policy to Hold Detainees Incommunicado

87.     Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 87 of the Complaint, except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### Policy to Deny Detainees Access to Counsel

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint.

91.     Denies the allegations contained in Paragraph 91 of the Complaint except admits that as a counselor, one of Defendant COTTON'S responsibilities was inmate phone calls.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Complaint except denies that

Defendant COTTON ridiculed Plaintiff A. IBRAHIM or that Defendant COTTON responded to A. IBRAHIM's requests by saying "in a sarcastic tone 'Oh yeah, right away,'" and then failing to act on his requests.

94.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

96.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Complaint.

**Video and Audio Taping Attorney/Client Conversations Policy**

97.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 97 of the Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Denial of Consular Rights Policy**

100.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 of the Complaint except denies

said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

## ANSWER TO ABUSE AND INHUMANE CONDITIONS OF CONFINEMENT AT MDC

### Physical Abuse

102.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

103.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 and its subparagraphs (a), (b), (c), (d), (e), and (f) of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON..

104.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104 of the Complaint.

105.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of the Complaint.

106.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### Verbal Abuse

107.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 107 of the Complaint.

108.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 108 of the Complaint.

15

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 109 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Physical Restraints**

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 110 of the Complaint except admits that, upon information and belief, BOP and/or MDC rules and/or policy required ADMAX SHU detainees to be restrained when traveling outside of their cells and to remain in their cells 23 hours a day.

**Arbitrary and Abusive Strip Searches**

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 111 of the Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 112 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

113.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 113 of the Complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 114 of the Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 115 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

116.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 116 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Sleep Deprivation**

117.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 117 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 118 of the Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 119 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**De Facto Denial of Recreation/Inadequate Clothing and Exposure to the Elements**

120.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 120 of the Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 121 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Lack of Hygiene Items and Provision of Inadequate and Unhealthy Food**

122.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 122 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

123.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 123 of the Complaint.

124. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 124 of the Complaint.

**Inadequate Medical Attention**

125. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 125 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

126. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 126 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

127. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 127 of the Complaint.

**Deliberate Interference With Religious Rights**

128. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 128 and its subparagraphs (a), (b), (c) and (d) except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Campaign of Intentional Infliction of Emotional Distress**

129. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 129 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Failure to Provide Handbooks**

130. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 130 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**Confiscated Items**

131.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

132.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 133 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

**Personal Participation of the Defendants**

134.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of the Complaint.

**MDC Policy and Implementation Defendants**

135.    Admits that Plaintiffs refer to Defendants HASTY, ZENK, SHERMAN, LOPRESTI, BARRERE, CUCITI and JOHN DOE Policy and Implementation Defendants collectively as "MDC Policy and Implementation Defendants."

136.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 136 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**MDC Supervisor Defendants**

137.    Admits that Plaintiffs refer to Defendants LOPRESTI, BARRERE, BECK, BLEDSOE, CUCITI, GUSSAK, MUNDO, ORTIZ, PRAY, TORRES and JOHN DOE Supervisor Defendants collectively as "MDC Supervisor Defendants."

138.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

139.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 139 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

140.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 140 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

141.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 141 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### MDC Correctional Officer Defendants

142.    Admits that Plaintiffs refer to Defendants BARNES, CHASE, DEFRANCISCO, DIAX, LOPEZ, MACHADO, MCCABE, MICKENS, OSTEEN, RODRIGUEZ, ROSEBERRY, WITSCHEL and JOHN DOE Correctional Officers collectively as the "MDC CO Defendants."

143.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 143 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

144.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 144 and its subparagraphs (a), (b), (c), (d), and (e) of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

145.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 145 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

146.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 146 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### MDC Counselor Defendants

147.    Admits that Plaintiffs purport refer to Defendants COTTON, CUFFEE, SHACKS AND JOHN DOE Counselor Defendants collectively as "MDC Counselor Defendants.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 148 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### Allegations Concerning the Plaintiffs

### MDC PLAINTIFFS

149.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 149 of the Complaint.

### Plaintiff Asif-ur-Rehman Saffi

150.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 150 of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 151 of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 152 of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 153 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

154.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 154 of the Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 155 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

156.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 156 of the Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 157 of the Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 158 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

159.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 159 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

160.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 160 of the Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 161 of the Complaint.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162 of the Complaint.

163.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 163 of the Complaint.

164.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 164 of the Complaint.

165.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 165 of the Complaint.

166.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 166 of the Complaint.

167.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 167 of the Complaint.

168.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168 of the Complaint.

**Plaintiff Syed Amjad Ali Jaffri**

169.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169 of the Complaint.

170.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 170 of the Complaint.

171.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 171 of the Complaint.

172.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 172 of the Complaint except admits that Plaintiff JAFFRI was housed in a cell in ADMAX SHU in MDC during some time period of time.

173. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 173 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

174. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 174 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

175. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 175 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

176. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 176 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

177. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 177 of the Complaint.

178. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 178 of the Complaint.

179. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 179 of the Complaint.

180. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 180 of the Complaint.

### Plaintiffs Yasser Ebrahim and Hany Ibrahim

181. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 181 of the Complaint.

182.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 182 of the Complaint.

183.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 183 of the Complaint.

184.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 184 of the Complaint.

185.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 185 of the Complaint.

186.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 186 of the Complaint.

187.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 187 of the Complaint.

188.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 188 of the Complaint.

189.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 189 of the Complaint.

190.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 190 of the Complaint.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 191 of the Complaint.

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 192 of the Complaint except admits that Plaintiffs EBRAHIM and H. IBARAHIM, were assigned to the ADMAX SHU at MDC during some period of time.

193.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 193 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

194.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 194 of the Complaint.

195.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 195 of the Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 196 of the Complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 197 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

198.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 198 of the Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 199 of the Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 200 of the Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 201 of the Complaint.

**Plaintiff Shakir Baloch**

202.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 202 of the Complaint.

203. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 203 of the Complaint.

204. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 204 of the Complaint.

205. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 205 of the Complaint.

206. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 206 of the Complaint except admits that Plaintiff BALOCH was housed in the SHU at MDC during some period of time.

207. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 207 of the Complaint except admits that Plaintiff BALOCH was housed in the AMAX SHU at MDC during some period of time.

208. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 208 of the Complaint.

209. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 209 of the Complaint.

210. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 210 of the Complaint.

211. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 211 of the Complaint.

212. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 212 of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 213 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

214.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 214 of the Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 215 of the Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 216 of the Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 217 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

218.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 218 of the Complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 219 of the Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 220 of the Complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 221 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

222.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 222 of the Complaint.

**Plaintiff Ashraf Ali Ibrahim**

223.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 223 of the Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 224 of the Complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 225 of the Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 226 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

227.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 227 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

228.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 228 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

229.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 229 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

230.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 230 of the Complaint.

231.    Denies the allegations contained in Paragraph 231 of the Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 232 of the Complaint.

233.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 233 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 234 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

235.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 235 of the Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 236 of the Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 237 of the Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 238 of the Complaint.

239.    Denies knowledge or information sufficient to form a belief as the to truth or falsity of the allegations contained in Paragraph 239.

240.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 240 of the Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 241 of the Complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 242 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

243.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 243 of the Complaint.

244.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 244 of the Complaint.

245.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 245 of the Complaint.

246.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 246 of the Complaint.

247.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 247 of the Complaint.

248.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 248 of the Complaint.

249.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 249 of the Complaint.

250.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 250 of the Complaint.

**PASSIAC PLAINTIFFS**

251.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 251 of the Complaint.

**Plaintiff Ibrahim Turkmen**

252.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 252 of the Complaint.

253.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 253 of the Complaint.

254. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 254 of the Complaint.

255. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 255 of the Complaint.

256. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 256 of the Complaint.

257. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 257 of the Complaint.

258. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 258 of the Complaint.

259. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 259 of the Complaint.

260. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 260 of the Complaint.

261. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 261 of the Complaint.

262. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 262 of the Complaint.

263. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 263 of the Complaint.

264. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 264 of the Complaint.

265. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 265 of the Complaint.

266.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 266 of the Complaint.

267.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 267 of the Complaint.

268.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 268 and its subparagraphs (a), (b), (c), and (d) of the Complaint.

269.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 269 of the Complaint.

270.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 270 of the Complaint.

271.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 271 of the Complaint.

272.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 272 of the Complaint.

273.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 273 of the Complaint.

274.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 274 of the Complaint.

275.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 275 of the Complaint.

276.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 276 of the Complaint.

**Plaintiff Akhil Sachdeva**

277.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 277 of the Complaint.

278.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 278 of the Complaint.

279.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 279 of the Complaint.

280.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 280 of the Complaint.

281.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 281 of the Complaint.

282.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 282 of the Complaint.

283.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 283 of the Complaint.

284.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 284 of the Complaint.

285.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 285 of the Complaint.

286.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 286 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Fourth Amendment: Seizure)

287.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 286 as if set forth fully herein.

288.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

289.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 289 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.    Refers all questions of law to the Court at the trial of this action.

290.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 290 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

291.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 291 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Fifth Amendment: Due Process)

292.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 291 as if set forth fully herein.

293. Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

294. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 294 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

295. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 295 of the Complaint. Refers all questions of law to the Court at the trial of this action.

296. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 296 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### ANSWER TO THIRD CLAIM FOR RELIEF
### (Fifth Amendment: Due Process)

297. Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 296 as if set forth fully herein.

298. Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

299. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 299 of the Complaint except denies

said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

300.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 300 of the Complaint.   Refers all questions of law to the Court at the trial of this action.

301.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 301 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO FOURTH CLAIM FOR RELIEF
### (Fifth Amendment: Self-Incrimination Clause)

302.   Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 301 as if set forth fully herein.

303.   Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

304.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 304 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.   Refers all questions of law to the Court at the trial of this action.

305.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 305 of the Complaint.   Refers all questions of law to the Court at the trial of this action.

37

**306.** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 306 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO FIFTH CLAIM FOR RELIEF
### (Fifth Amendment: Equal Protection)

307. Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 306 as if set forth fully herein.

308. Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

309. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 309 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

310. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 308 of the Complaint. Refers all questions of law to the Court at the trial of this action.

311. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 311 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO SIXTH CLAIM FOR RELIEF
### (Sixth Amendment:  Right to a Speedy Trial)

312.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 311 as if set forth fully herein.

313.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

314.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 314 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

315.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 315 of the Complaint.   Refers all questions of law to the Court at the trial of this action.

316.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 316 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO SEVENTH CLAIM FOR RELIEF
### (First Amendment: Free Exercise of Religion)

317.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 316 as if set forth fully herein.

318.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

319.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 319 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

320.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 320 of the Complaint.    Refers all questions of law to the Court at the trial of this action.

321.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 321 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**ANSWER TO EIGHTH CLAIM FOR RELIEF**
**(Fifth Amendment: Confiscation of Personal Property)**

322.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 321 as if set forth fully herein.

323.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

324.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 324 of the Complaint except denies

said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

325.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 325 of the Complaint.   Refers all questions of law to the Court at the trial of this action.

326.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 326 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO NINTH CLAIM FOR RELIEF
### (Customary International Law: Arbitrary Detention)

327.   Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 326 as if set forth fully herein.

328.   Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

329.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 329 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

330.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 330 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

331.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 331 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

### ANSWER TO TENTH CLAIM FOR RELIEF
### (Customary International Law: Cruel, Inhuman or Degrading Treatment)

332.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 331 as if set forth fully herein.

333.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

334.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 334 of the Complaint.

335.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 335 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

336.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 336 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

337.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 337 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO ELEVENTH CLAIM FOR RELIEF
### (Vienna Convention on Consular Relations: Consular Notification)

338.    Defendant COTTON repeats, reiterates and realleges his answers to the
allegations contained in the Paragraphs numbered 1 through 337 as if set forth fully
herein.

339.    Admits that Plaintiffs purport to bring this claim "on their own behalf and
on behalf of the class against all Defendants," but denies that the putative class has been
certified.

340.    Denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in Paragraph 340 of the Complaint.  Refers all
questions of law to the Court at the trial of this action.

341.    Denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in Paragraph 341 of the Complaint except denies
said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all
questions of law to the Court at the trial of this action.

342.    Denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in Paragraph 342 of the Complaint.  Refers all
questions of law to the Court at the trial of this action.

343.    Denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in Paragraph 343 of the Complaint except denies
said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all
questions of law to the Court at the trial of this action.

## ANSWER TO TWELFTH CLAIM FOR RELIEF
### (Excessive Force- SAFFI)

344.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 343 as if set forth fully herein.

345.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 345 of the Complaint.

346.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 346 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

347.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 347 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

348.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 348 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

349.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 349 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO THIRTEENTH CLAIM FOR RELIEF
### (Excessive Force- JAFFRI)

350.     Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 349 as if set forth fully herein.

351.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 351 of the Complaint.

352.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 352 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

353.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 353 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

354.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 354 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

355.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 355 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO FOURTEENTH CLAIM FOR RELIEF
### (Excessive Force- EBRAHIM)

356. Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 355 as if set forth fully herein.

357. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 357 of the Complaint.

358. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 358 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

359. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 359 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

360. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 360 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

361. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 361 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

## ANSWER TO FIFTEENTH CLAIM FOR RELIEF
### (Excessive Force- HANY IBRAHIM)

362.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 361 as if set forth fully herein.

363.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 363 of the Complaint.

364.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 364 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

365.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 365 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

366.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 366 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

367.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 367 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO SIXTEENTH CLAIM FOR RELIEF
### (Excessive Force- BALOCH)

368.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 367 as if set forth fully herein.

369.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 369 of the Complaint.

370.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 370 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

371.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 371 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

372.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 372 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

373.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 373 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO SEVENTEENTH CLAIM FOR RELIEF
### (Delays in Serving Charging Documents- Fifth Amendment: Due Process)

374.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 373 as if set forth fully herein.

375.    Admits that Plaintiffs EBRAHIM, H. IBRAHAM, SACHDEVA, JAFFRI AND A. IBRAHIM purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

376.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 376 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

377.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 377 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

378.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 378 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO EIGHTEENTH CLAIM FOR RELIEF
### (Blanket No Bond Policy- Fifth Amendment: Due Process)

379.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 378 as if set forth fully herein.

380.    Admits that plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

381.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 381 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

382.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 382 of the Complaint. Refers all questions of law to the Court at the trial of this action.

383.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 383 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

## ANSWER TO NINETEENTH CLAIM FOR RELIEF
### (Blanket No Bond Policy- Fifth Amendment: Equal Protection)

384.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 383 as if set forth fully herein.

385.    Admits that plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

386.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 386 of the Complaint except denies

said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

387.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 387 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

388.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 388 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO TWENTIETH CLAIM FOR RELIEF
### (Assignment to SHU- Fifth Amendment: Due Process)

389.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 388 as if set forth fully herein.

390.    Admits that Plaintiffs JAFFRI, EBRAHIM, H. IBRAHIM, BALOCH, SAFFI AND A. IBRAHIM purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

391.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 391 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

392.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 392 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

51

393.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 393 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO TWENTY-FIRST CLAIM FOR RELIEF
### (Communications Blackout and Interference with Counsel- First Amendment)

394.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 393 as if set forth fully herein.

395.    Admits that plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," and denies that the putative class has been certified.

396.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 396 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

397.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 397 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

398.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 398 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

### ANSWER TO TWENTY-SECOND CLAIM FOR RELIEF
### (Communications Blackout and Interference with Counsel- Fifth Amendment: Due Process)

399.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 398 as if set forth fully herein.

400.    Admits that Plaintiffs purport to bring this claim "on their own behalf and on behalf of the class against all Defendants," but denies that the putative class has been certified.

401.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 401 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

402.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 402 of the Complaint. Refers all questions of law to the Court at the trial of this action.

403.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 403 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

### ANSWER TO TWENTY-THIRD CLAIM FOR RELIEF
### (Excessive, Unreasonable, and Deliberately Humiliating and Punitive Strip Searches- Fourth and Fifth Amendments

404.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 403 as if set forth fully herein.

405.    Admits that the MDC Plaintiffs purport to bring this claim "on their own behalf and on behalf of the MDC class," but denies that the putative class has been certified.

406.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 406 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

407.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 407 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

408.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 408 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

409.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 409 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

410.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 410 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

411.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 411 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

412.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 412 of the Complaint.  Refers all questions of law to the Court in the trial of this action.

413.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 413 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

## ANSWER TO TWENTY-FOURTH CLAIM FOR RELIEF
### (FTCA- False Imprisonment of the Named MDC Plaintiffs)

414.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 413 as if set forth fully herein.

415.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 415 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

416.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 416 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

417.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 417 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.

**ANSWER TO TWENTY-FIFTH CLAIM FOR RELEIF**
**(FTCA: Negligence- Delay of Clearance of the Named Plaintiffs)**

418.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 417 as if set forth fully herein.

419.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 419 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

420.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 420 of the Complaint. Refers all questions of law to the Court at the trial of this action.

421.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 421 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

**ANSWER TO TWENTY-SIXTH CLAIM FOR RELIEF**
**(FTCA: Negligence- Denial of Medical Services to Named MDC Plaintiffs)**

422.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 421 as if set forth fully herein.

423.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 423 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

424.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 424 of the Complaint. Refers all questions of law to the Court at the trial of this action.

425.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 425 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

### ANSWER TO TWENTY-SEVENTH CLAIM FOR RELIEF
### (FTCA: Assault and Battery- Physical Abuse of Named MDC Plaintiffs)

426.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 425 as if set forth fully herein.

427.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 427 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

428.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 428 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

429.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 429 of the Complaint. Refers all questions of law to the Court at the trial of this action.

430.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 430 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO TWENTY-EIGHTH CLAIM FOR RELIEF
## (FTCA- Sleep Deprivation- Named MDC Plaintiffs)

431.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 430 as if set forth fully herein.

432.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 432 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

433.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 433 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

434.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 434 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO TWENTY-NINTH CLAIM FOR RELIEF
## (FTCA- Intentional Infliction of Emotional Distress on the Named Plaintiffs)

435.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 434 as if set forth fully herein.

436.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 436 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

437.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 437 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

438.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 438 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

439.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 439 of the Complaint.  Refers all questions of law to the Court at the trial of this action.

440.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 440 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON.  Refers all questions of law to the Court at the trial of this action.

## ANSWER TO THIRTIETH CLAIM FOR RELIEF
### (FTCA: Conversion- Named Plaintiffs)

441.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 440 as if set forth fully herein.

442.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 442 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

443.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 443 of the Complaint. Refers all questions of law to the Court at the trial of this action.

444.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 444 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

## ANSWER TO THIRTY-FIRST CLAIM FOR RELIEF
### (Excessive Force- ASHRAF IBRAHIM)

445.    Defendant COTTON repeats, reiterates and realleges his answers to the allegations contained in the Paragraphs numbered 1 through 444 as if set forth fully herein.

446.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 446 of the Complaint.

447.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 447 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

448.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 448 of the Complaint except denies

said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

449.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 449 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

450.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 450 of the Complaint except denies said allegations insofar as they may refer or pertain to Defendant COTTON. Refers all questions of law to the Court at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

451.    Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

452.    Plaintiffs' claims are barred by the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

453.    This Court lacks subject matter jurisdiction over all or some of the claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

454.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

455.    Plaintiffs lack standing to sue.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

456.    Plaintiffs may not maintain all or part of the claims of this action based on the doctrine of sovereign immunity.

## AS AND FOR A SEVENTH CAUSE OF ACTION

457.    The Plaintiffs are not entitled to a jury on all or some of the claims herein.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

458.    Plaintiffs failed to comply with the jurisdictional prerequisites required to maintain this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

459.    Defendant COTTON'S actions alleged in the Complaint are protected under the doctrine of qualified immunity.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

460.    Defendant COTTON'S actions alleged in the Complaint are protected under the doctrine of absolute immunity.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

461.    Plaintiffs may not maintain this action due to their failure to exhaust administrative remedies.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

462.    At all times alleged in the Complaint, Defendant COTTON was acting pursuant to established policies, regulations and procedures established by his employer.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

463.    All of Defendant COTTON'S actions alleged in the complaint were reasonably related to the BOP's/MDC's interest in maintaining jail security.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

464.    Insofar as the allegations against Defendant COTTON, Plaintiffs had no right to counsel during the times alleged in the Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

465.    Plaintiffs' claims are barred by the Liability Reform Act (28 U.S.C. §2679).

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

466.    Plaintiffs' detention was objectively reasonable.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred since maintenance of safety or order in the prison context, is a compelling government interest which in time of war, or otherwise, takes precedence over Plaintiffs claims.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

467.    Plaintiffs may not maintain this cause of action since they failed to invoke the procedures for religious accommodation.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

468.    Plaintiff has not alleged the violation of a clearly established constitutional right.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

469.    Plaintiffs may not maintain claims under the Federal Torts Claims Act since they have failed to satisfy the prerequisites for such claims pursuant to 28 U.S.C. §2675.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

471.    This Court lacks jurisdiction over Plaintiffs' "Customary International Law" claims.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

472.    The Plaintiffs may not maintain this cause of action as a class action since they have failed to satisfy the prerequisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the putative class is not sufficiently defined.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

473.    The Plaintiffs may not maintain claims under the Vienna Convention on Consular Relations as it created no judicially enforceable individual rights.

**WHEREFORE**, it is respectfully submitted that the complaint be dismissed in all respects as to Defendant RAYMOND COTTON.

Dated: New York, New York
      December  3, 2004

                  Yours, etc.,

                  LAW OFFICES OF
                  RICHARD WARE LEVITT
                  148 East 78th Street
                  New York, NY 10021
                  (212) 737-0400

                  By:
                  Nicholas G. Kaizer, Esq.
                  (NGK 3040)
                  *Attorneys for Raymond Cotton*

To:    CENTER FOR CONSTITUTIONAL RIGHTS
        Nancy Chang, Esq.
        666 Broadway, 7th  Floor
        New York, New York 10012
        (212) 614-6420
        Attorneys For Plaintiffs