CRONIN & BYCZEK, LLP
By:  Christina A. Leonard (CL 5020)
1981 Marcus Avenue, Suite 227
Lake Success, New York  11042
Tel.:  (516) 358-1700
*Attorneys for Defendant Elizabeth Torres*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IBRAHIM TURKMEN; ASIF-UR-REHMAN SAFFI; SYED AMJAD ALI JAFRI; YASSER EBRAHIM; HANY IBRAHIM; SHAKIR BALOCH; AKHIL SACHDEVA; and ASHRAF IBRAHIM, on behalf of Themselves and all others similarly situated,

                      Plaintiffs,

    - against -

JOHN ASHCROFT, et al.,

                      Defendants.
------------------------------------------------------------------------x

02 CV 2307 (JG) (SMG)

**Declaration of Christina Leonard In Opposition To Jaffri's Motion To Withdraw His Claims Without Prejudice**

CHRISTINA A. LEONARD, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.    I am an associate with the law firm of Cronin & Byczek LLP, attorneys for defendant Elizabeth Torres in the above-captioned action.  I submit this declaration in opposition to the motion of plaintiff Syed Amjad Ali Jaffri pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss his claims against the defendants herein without prejudice to Jaffri's being able to obtain relief as a member of the class alleged in the complaint.

2.    By order of this Court issued May 18, 2006, plaintiff Jaffri was directed by Magistrate Judge Steven M. Gold to appear in Toronto, Canada for his

deposition and independent medical examination scheduled for June 12-14.  This was the second time that plaintiff Jaffri's deposition was scheduled as it was previously canceled in April when all defense counsel appeared in Canada to conduct depositions.

3. On or about June 5, 2006, exactly one week prior to Jaffri's scheduled deposition in Canada, we received notice from plaintiff's counsel, Rachel Meerpool, Esq., advising that plaintiff Jaffri would not appear for his deposition. Additionally, Ms. Meerpool stated that Mr. Jaffri would be dismissing his claims against defendants and asked all defense counsel if we would agree to stipulate to the dismissal of the claims.

4. Counsel for defendant, Elizabeth Torres, in addition to other defendants, advised Ms. Meerpool that we would stipulate to the dismissal of Jaffri's claims <u>with</u> prejudice.  The within motion ensued.

5. Plaintiff Jaffri now seeks to withdraw his personal claims in this case without prejudice so that he can preserve his rights as a member of the putative class and reap the benefits of any award at the outcome of this matter.  In support of his motion to dismiss his claims without prejudice, plaintiff Jaffri claims that he does not "wish to proceed with the strenuous and emotionally taxing business of litigating his case." Additionally, plaintiff Jaffri claims that defendants have expended "little effort or expense" in light of the fact that Jaffri is one of eight plaintiffs.

6. Defendant, Torres, does not oppose that portion of plaintiff Jaffri's motion to dismiss his claims.  However, dismissal of plaintiff's claims should be with prejudice.

7. Plaintiff, Jaffri, chose to participate in this class action suit filed almost three years ago as a named plaintiff. The fact that Jaffri now does not wish to pursue his claims because he finds the task "too strenuous and emotionally taxing" is of little consequence. What remains is the fact that defendant, Torres, as well as the other named defendants, have spent a substantial amount of time and a great deal of effort investigating plaintiff Jaffri's claims, reviewing thousands of pages of document discovery, and expending numerous hours preparing for Jaffri's deposition which was scheduled and then canceled on two separate occasions.

8. Although this firm did not incur any monetary penalties that resulted from canceled airfare and hotel reservations, many of the defendants have incurred that expense as a direct result of Jaffri's actions.

9. Plaintiff Jaffri should not be permitted to pursue his claims and reap the benefits of a class member after subjecting defendants to the burdens and expense of defending against Jaffri's claims for the past three years.

10. For the foregoing reasons, plaintiff Jaffri's motion should be denied to the extent that plaintiff's claims should be dismissed <u>with</u> prejudice.

11. Defendant, Torres, further joins in the memorandum of law submitted by defendant, Osteen, in support of defendants' opposition to plaintiff Jaffri's motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2006.

_____
Christina A. Leonard (CL 5020)

3