```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IBRAHIM TURKMEN, et al.,

        Plaintiffs,                                              MEMORANDUM
                                                                 AND ORDER
        v.                                                       02-CIV-2307(JG)

JOHN ASHCROFT, Attorney General of the
United States, et al.,

        Defendants.
------------------------------------------------------------X
```
**Gold, S., United States Magistrate Judge:**

## INTRODUCTION

Defendant Stuart Pray has moved to compel plaintiffs Hany Ibrahim and Yasser Ebrahim (collectively referred to herein as plaintiffs) to produce certain documents and information in discovery. The documents sought are those reflecting (1) information from the Social Security Administration ("SSA") indicating the basis upon which plaintiffs obtained social security numbers; (2) information from financial institutions reflecting plaintiffs' finances and the financial transactions of plaintiff Ebrahim's corporation, Net Media Production, Inc.; and (3) filings made by Ebrahim with the New York Department of State with respect to his corporation.

Plaintiffs allege in their complaint that they were subjected to excessive force while detained at the Metropolitan Detention Center (the "MDC") in Brooklyn, New York. The complaint further alleges that Pray, a lieutenant at the MDC, supervised the offending officers and observed their use of excessive force but failed to intervene or otherwise prevent it. Third Am. Compl., ¶ 194 (Docket Entry 109). Plaintiffs made further allegations about Pray's involvement in their abuse during discovery. *See* Pray Mem. of Law at 4-5.

In light of the allegations plaintiffs make against him, Pray plainly has an interest in

challenging plaintiffs' credibility. Pray contends that the information he seeks by way of this motion is discoverable because it may provide impeachment material for trial.

## DISCUSSION

A.  Social Security Records

Plaintiffs acknowledged during discovery that they entered the United States on tourist visas and subsequently obtained social security numbers ("SSNs"). Pray argues that plaintiffs must have misrepresented their status or otherwise defrauded the SSA because individuals with tourist visas are not eligible to receive social security numbers. Pray Mem. of Law at 13-14, 53-54. Pray also points out that federal agents conducting a search of plaintiffs' bedroom found several books describing how to obtain false identification documents. Pray Mem. of Law at 14.

Plaintiffs argue that the limitations on eligibility to obtain a social security number cited by Pray were not in place when they applied to SSA for their numbers. Plaintiffs further assert that they required social security numbers to open bank accounts. Pray responds that taxpayer identification numbers would have been sufficient to allow plaintiffs to open bank accounts.

For purposes of deciding this motion, it is not necessary to determine whether an individual with a tourist visa could have lawfully obtained a social security number at the time plaintiffs submitted their applications. Plaintiffs do not dispute Pray's contention that literature about obtaining false identification documents was found in their home. Plaintiffs further acknowledge that, according to the system used by SSA for assigning numbers, the particular social security number obtained by plaintiff Ebrahim suggests that it was issued to a resident of a state other than the one where Ebrahim was living at the time. Pl.'s Letter dated June 12, 2006 at 3 n.2. In light of these facts, I conclude that Pray has made a sufficient showing to justify

2

disclosure of the statements plaintiffs made to SSA in the course of obtaining their social security numbers, but not of the numbers themselves.

A recent decision of this court precluded discovery of social security numbers because of "the invasion of privacy which disclosure of . . . SSNs threatens." *Entral Group International, LLC v. YHCL Vision Corp.*, __ F. Supp. 2d __, 2006 WL 1589844 at * 1 (E.D.N.Y. June 7, 2006). However, the concerns which troubled the court in *Entral* are not presented here. First, as discussed above, Pray's application for discovery in this case is supported by "something more than [the] perfunctory analysis" held insufficient in *Entral*. *Id.* Second, the disclosure Pray seeks here is of the representations plaintiffs made to SSA, and not of plaintiffs' SSNs. Indeed, it appears that Pray has already learned plaintiff Ibrahim's social security number, and has become aware of at least some of the digits of plaintiff Ebrahim's number as well. *See* Declaration of Richard P. Caro in Support of Defendant Stuart Pray's Motion for Disclosure, ¶¶ 4-5. Moreover, there is no reason to disclose the remaining digits of Ebrahim's number. Pray is entitled only to those documents that reflect the representations made by plaintiffs to obtain their social security numbers; the actual numbers issued by SSA to plaintiffs are irrelevant. I have previously ordered plaintiffs to obtain their files from SSA. *See* Minute Entry dated May 26, 2006. Plaintiffs' counsel may remove any information other than the representations to SSA made by plaintiffs, including the numbers SSA assigned to plaintiffs, from the files before producing them.

B.  <u>Financial Information</u>

Pray next seeks "financial information from financial institutions" where plaintiffs and Ebrahim's corporation maintained accounts, and filings made by that corporation with the New York Department of State. In support of this prong of his motion, Pray argues as follows:

3

> Both Brothers [plaintiffs] admitted that they were not authorized to work while in the United States, that they nevertheless worked in the United States and never paid any taxes on their income or filed tax returns. The income they acknowledged also appears to be insufficient in light of their admitted expenditures and life style. That they worked off the books and avoided paying taxes, further undermines their honesty and credibility.

Pray Mem. of Law at 27.

As demonstrated by the deposition testimony and other evidence set forth in Pray's Memorandum of Law, plaintiffs have already acknowledged working "off the books" and failing to file tax returns. Accordingly, Pray does not require additional discovery to establish these facts.

Pray apparently seeks financial discovery to determine whether plaintiffs had sources of income they did not reveal during their depositions, or misrepresented their income or assets to obtain credit cards. These assumptions are highly speculative. Moreover, even if plaintiffs did conceal some sources of income or misrepresent facts in credit card applications, the relevance of these facts, particularly in light of plaintiffs' admissions that they worked for cash and did not report their income, is limited. Finally, the financial discovery Pray seeks is highly intrusive; the account statements Pray seeks to obtain would reveal how plaintiffs chose to spend their money and hence much about their personal lives.

The parties have provided the court with little information about the nature of the documents a corporation is required to file with the New York Department of State or whether those documents are publicly filed. This court's decision does not, of course, prevent defendant Pray from obtaining documents maintained and made available to the public by agencies of the state or federal government.

## CONCLUSION

For these reasons stated above, defendant Pray's motion to compel discovery is granted with respect to the representations plaintiffs made to SSA to obtain social security numbers and denied in all other respects.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
August 2, 2006

C:\MyFiles\turkmen080206.wpd