UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     <u>NOT FOR PUBLICATION</u>
-----------------------------------------------------------X

IBRAHIM TURKMEN, et al.,

                                Plaintiffs,
                                                          <u>ORDER</u>
                -against-                                  02 CV 2307 (JG)

JOHN ASHCROFT, et al.,

                                Defendants.

-----------------------------------------------------------X


JOHN GLEESON, United States District Judge:

        The plaintiffs have moved, pursuant to Fed. R. Civ. P. 54(b), for the entry of final

judgment on claims 1, 2, 24, and 25, all of which allege that the government violated a duty

owed the plaintiffs to detain them no longer than reasonably necessary to effect their removal.  I

dismissed those claims in a Memorandum and Order issued June 14, 2006.  In the same order, I

dismissed claim 5 in part, insofar as it alleged that the plaintiffs were selected from among illegal

aliens on the basis of their race, religion, and national origin for lengthy detention pending

deportation;[1] the plaintiffs seek the entry of judgment on that claim as well.

        Rule 54(b) provides, in relevant part:

        When more than one claim for relief is presented in an action, ... the court may
        direct the entry of a final judgment as to one or more but fewer than all of the
        claims ... only upon an express determination that there is no just reason for delay
        and upon an express direction for the entry of judgment.

My first task is to determine whether the dismissal of the claims upon which the plaintiffs seek

---

[1]         I denied the defendants' motion to dismiss claim 5 to the extent it alleges the plaintiffs were
selected on the basis of their race, religion, and national origin for harsh treatment during their confinement.

the entry of judgment was "final," that is, "an ultimate disposition of [the] individual claim[s] entered in the course of a multiple claims action." *Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted). It was.

The remaining inquiry is whether there is any just reason for delay. *Id*. at 8. In light of the longstanding policy of the federal courts against piecemeal appeals, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id*. Whether to "dispatch[]" certain finally adjudicated claims ahead of remaining claims in the case is a matter left to the district court's "sound judicial discretion." *Id*.

The defendants' strongest argument opposing certification is that the plaintiffs have failed to show that the specific constitutional rights they assert were violated were clearly established as of the time of the defendants acted, and thus the defendants will be entitled to qualified immunity even if my resolution of the plaintiffs' constitutional claims is reversed. Though I agree with that argument, in my view there remains a strong public interest in having -- sooner rather than later -- an authoritative pronouncement as to whether the claimed constitutional rights exist. As the Supreme Court has explained, "if the policy of avoidance were always followed in favor of ruling on qualified immunity whenever there was no clearly settled constitutional rule of primary conduct, standards of official conduct would tend to remain uncertain, to the detriment both of officials and individuals." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5; *see also Wilson v. Layne*, 526 U.S.603, 609 (1999) ("A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all.") (internal quotation marks omitted).

2

At the outset of my decision granting in part and denying in part the defendants' motion to dismiss, I explained my view that the plaintiffs' claims challenging the government's basis for the detaining them longer than reasonably necessary to secure their removal are entirely distinct, legally and factually, from their claims challenging the conditions of their confinement. For the same reasons, I conclude there is no just reason for delay in entering final judgment on claims 1, 2, 24, 25, and 5 (in part).[2]

The plaintiffs' motion for certification is granted. The Clerk is expressly directed to enter final judgment on claims 1, 2, 24, 25 and, to the extent it was dismissed by the Memorandum and Order of June 14, 2006, on claim 5.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       August 18, 2006

---

[2] As I explained in the Memorandum and Order of June 14, 2006, I view the allegations in claim 5 of the Third Amended Complaint as constituting two separate claims for relief, resting upon separate factual and legal bases. The defendants' argument that the combination of the two claims in a single cause of action precludes the entry of judgment on the dismissed claim seems to me needlessly formalistic.