

666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6432

November 16, 2009
By ECF

The Honorable Steven M. Gold
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Turkmen v. Ashcroft*, 02 Civ. 2307 (JG) (SMG)

Dear Chief Judge Gold:

      In accordance with Your Honor's November 9, 2009 order, plaintiffs submit this letter in support of their request for a pre-motion conference regarding amendment of their class action complaint. As stated in our previous letter to Judge Gleeson, plaintiffs will seek leave, pursuant to Rules 15 and 24 of the Federal Rules of Civil Procedure, to file a new amended complaint (either immediately or, as discussed below, following remand by the Second Circuit).

      The purposes of this new complaint are to supply new class representatives in the place of those who have settled (pursuant to Fed.R.Civ.P. 24), to adapt the complaint to pleading standards newly announced by the Supreme Court (Fed.R.Civ.P. 15), and to simplify the pleading by dropping certain claims and defendants (Fed.R.Civ.P. 15). Specifically, the new complaint contains the following changes from the present Third Amended Complaint:

      First, all claims of plaintiffs Asif-Ur-Rehman Saffi, Yasser Ebrahim, Hany Ibrahim, Shakir Baloch and Ashraf Ibrahim are withdrawn, pursuant to their settlement with the United States, including Claims 12-16 and 24-31 of the Third Amended Complaint in their entirety. (Plaintiffs will submit a separate proposed order dismissing these claims under Rule 41 upon remand from the Circuit Court.) The final signed stipulations of settlement are attached to this letter as Exhibit A.

      Second, Ahmer Iqbal Abbasi, Anser Mehmood, Benamar Benatta, Ahmed Khalifa, and Saeed Hammouda intervene as plaintiffs in place of the settling plaintiffs, to preserve class claims for which the settling plaintiffs were the only representatives (Claims 3 and 20 through 23 of the Third Amended Complaint, now renumbered as Claims 3, 6-9). The intervenor plaintiffs also assert Claims 1, 2, and 5, now Claims 1, 2, 4 and 5, as additional class representatives.

November 16, 2009
Page 2

Intervention as of right under Fed.R.Civ.P. 24(a) and permissive intervention under Rule 24(b) are both appropriate when the proposed class representatives can no longer adequately represent the interests of the class. *Eckert v. The Equitable Life Assurance Society of the United States,* 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (granting proposed class member's motion to intervene after settlement by named plaintiff). "In order to protect absent class members, where the claims of a lead plaintiffs become moot at the pre-certification stage, courts not only may, but should, respond to the pre-certification mooting of a class representatives claims by permitting substitution of a new class representative." *In re Merrill Lynch & Co. Inc. Research Reports Securities Litigation*, 375 B.R. 719, 2007 U.S. Dist. LEXIS 69195 (S.D.N.Y. Sept. 18, 2007) (internal quotation marks and citations omitted).  Each named plaintiff is a putative class member who relied on the filing of *Turkmen v. Ashcroft* in 2002 to preserve his claims, and thus is not barred from intervention by the statute of limitations. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (commencement of a class action tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene); *In re National Australian Bank Securities Litigation*, 03Civ6537, 2006 U.S. Dist. LEXIS 94163 (S.D.N.Y. Nov. 8, 2006) (allowing intervention of new class representatives despite fact that statute of limitations had run and class had not yet been certified).

Third, the allegations against the remaining defendants are supplemented in light of the requirements newly stated by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Such an amendment is clearly within the interests of justice, and will not prejudice any party to the action. *See, e.g., McGuire v. Warren,* 207 Fed. Appx. 34 (2d Cir. 2006) (remanding to the district court so that plaintiff could amend first amendment retaliation claim in light of Supreme Court decision changing requirements for such a claim).

Fourth, Claims 4, 6, 8, 9-11, 17-19 in the Third Amended Complaint, previously withdrawn or dismissed by this Court's order entered June 14, 2006, are omitted. (Claims 1, 2 and 5, although also dismissed, remain.)  Claim 29 (withdrawn above by all MDC plaintiffs pursuant to their settlement) is also withdrawn as to Passaic plaintiffs.

Fifth, all claims against defendants other than John Ashcroft, Robert Mueller, James Ziglar, Wardens Dennis Hasty and Michael Zenk, Associate Warden Thomas Sherman, Captain Salvatore Lopresti and Lieutenant Joseph Cuciti are withdrawn.

Sixth, an additional class claim under 42 U.S.C. § 1985 is added, based on the facts previously alleged (Claim 10).

As the Court is aware, appeals and a cross-appeal are currently pending in the Second Circuit, some although not all of which are mooted by the recent settlement. We have moved for dismissal without prejudice of all the appeals so that this Court may consider the question of amendment and the suitability of plaintiffs' new allegations in the first instance.  Defendants Ashcroft, Mueller and the United States have opposed that motion in the Circuit Court.

November 16, 2009
Page 3

  Plaintiffs acknowledge that this Court may not have jurisdiction to allow plaintiffs to amend the complaint as it affects the claims that are currently on cross-appeal in the Second Circuit.  We have provided Your Honor and the Circuit Court with an explanation of our intention to move for leave to file an amended complaint simultaneously, so as to allow for the most efficient course of action, and to preserve the rights of the intervening plaintiffs from allegations of delay.  Should this Court determine it lacks authority to decide plaintiffs' motion prior to remand by the Second Circuit, plaintiffs respectfully request that this Court consider the merits of that motion regardless, as allowed by newly created Fed.R.Civ.P 62.1.   Under the new rule, a copy of which is attached as Exhibit B, this Court may state that it would grant plaintiffs' motion if the Circuit remands, or state that the motion raises a substantial issue.  Fed.R.Civ. P Rule 62.1(a)(3).  Although Rule 62.1 does not go into effect until December 1, 2009, the options it describes are already available.  *See e.g., Markert v. Swift,* 173 F.2d 517, 519 (2d Cir. 1949) (plaintiffs moved to amend complaint while appeal from denial of motion to dismiss was pending, and District Judge requested that the Second Circuit remand the case for consideration of the motion; Court of Appeals complied); *see also* Advisory Committee Notes to Rule 62.1, noting that "most courts" already follow this procedure for Rule 60(b) motions.   Alternatively, the Court could grant plaintiffs' motion to amend the complaint *in part*, as it effects the claims against defendants Zenk, Lopresti, and Cuciti, who are not parties to the pending cross-appeal.

  Finally, plaintiffs seek the Court's assistance with one additional matter.  The proposed Fourth Amended Complaint includes information obtained from documents produced in this case by the United States, and, because the United States has designated virtually every page of every document produced as subject to the Protective Order in this case, the proposed complaint cannot be filed publicly without the consent of the United States, or the order of this Court (Protective Order, ¶ 7.  The text of the protective order was filed with the Court as Docket # 351, and entered by Your Honor's August 5, 2005 Order).[1]

  The United States' entire response to our request for consent was, "The United States will not consent to the use of any materials, which are covered by the Protective Order, in the proposed 4th Amended Complaint."  Email of Stephen Handler to Rachel Meeropol dated November 12, 2009.

  This position has no basis.  The Protective Order expressly provides that "Protected Materials" are

> records, documents and/or information produced by the Agencies or any other part of the United States government *that may be*

---

[1] A copy of the proposed complaint was provided to Your Honor previously.  Plaintiffs will also bring to the pre-motion conference high-lighted copies of the proposed complaint, to display the protected material at issue.  We would also be glad to provide Your Honor with a copy of this highlighted document ahead of time, if that would be helpful.

> *Privacy-Act protected* and/or otherwise might intrude upon other statutorily or constitutionally protected *privacy interests* of present or former government employees or other persons not a party to this suit . . . .

Protective Order Introductory ¶ (emphasis added).

The United States has consistently ignored this definition in marking documents, almost none of which are actually entitled to protection. Mere marking can scarcely justify keeping relevant and important material off the public record. Nothing in the proposed amended complaint violates anyone's interest in privacy. Rather, the information drawn from the government's document production consists of such material as:

- a statement by defendant Mueller to OIG investigators about his knowledge of policy (¶ 45);

- a description of communications between the FBI field office in New York and FBI headquarters about the clearance of 9/11 detainees (¶ 57);

- a statement about the treatment of non-Muslims and non-Arabs (none of whom are identified) (¶ 61[c]); and

- information concerning the arrests and treatment of the proposed intervenor plaintiffs (e.g., ¶¶ 4, 71-74, 86-87).

Plaintiffs have not included within the proposed complaint any personal information of anyone other than the class members who seek to intervene. Rather, the complaint details the manner in which defendants created and implemented the policies complained of in this case. Consequently, plaintiffs seek an order from the Court lifting the Protective Order as it relates to all material in the proposed complaint.

                                        Respectfully submitted,
                                        s/Rachel Meeropol

cc:
Counsel registered with ECF (by ECF)
Michael McCabe, *pro se* (by first class mail)