DUVAL & STACHENFELD LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178
TELEPHONE: 212-883-1700
FACSIMILE: 212-883-8883

ALLAN TAFFET
DIRECT DIAL: 212-692-5523
ataffet@dsllp.com

November 16, 2009

**VIA ELECTRONIC FILING**

The Honorable Steven M. Gold
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>Turkmen, et al. v. Ashcroft, et al.</u>
        02 CV 2307 (Gleeson, J.)

Dear Chief Judge Gold:

  We represent defendant Warden Michael Zenk (hereinafter, "Warden Zenk") in the above-captioned matter and write briefly in response to plaintiffs' November 2, 2009 request for a "pre-motion conference at which time they will seek leave, pursuant to Rules 15 and 24 of the Federal Rules of Civil Procedure, to file a new amended complaint." <u>Letter</u> (Dkt. No. 683), at 1. As an initial matter, please be advised that Warden Zenk joins in the submission of former Attorney General John Ashcroft in response to plaintiffs' November 2, 2009 request for a pre-motion conference.

  Following what all defendants understood to be a "global settlement" of this action this past summer, plaintiffs now seek leave to file a fifth iteration of their complaint initially filed in September 2002 -- more than seven years ago. As a threshold matter, allowing plaintiffs' to file yet another complaint in this action will result in clear prejudice to Warden Zenk. Warden Zenk, and the other defendants in this action, has been litigating this action for more than seven years -- which has included extensive pre-trial discovery spanning more than five years. Warden Zenk is entitled to a final adjudication of this action and permitting plaintiffs' to file a further amended complaint at this late stage is undeniably prejudicial. Indeed, the Second Circuit has denied leave to amend based upon far shorter time periods between the commencement of the action and the attempt to replead. <u>See</u> <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 686 (2d Cir. 1995) (two and one half years).

Further, the futility of plaintiffs' complaint separately warrants denial of plaintiffs' request for leave to amend. In the plaintiffs' proposed Fourth Amended Complaint, plaintiffs again seek to sue Warden Zenk, the former Warden of the Metropolitan Detention Center in Brooklyn (hereinafter, the "MDC") in his individual capacity for alleged violations of plaintiffs' rights under the Constitution of the United States and federal statutes. As this Court is aware, Warden Zenk did not become Warden of the MDC until April 22, 2002. Now, following more than five years of copious pre-trial deposition and document discovery, plaintiffs' proposed complaint essentially asks this Court again to draw unwarranted inferences simply because of his status as the former Warden of the MDC. Indeed, the instant proposed pleading appears to be more egregious than its predecessors, with only two of the proposed plaintiffs having been detained at the ADMAX SHU during Warden Zenk's tenure at the MDC -- one for <u>eight days</u> and the other for barely <u>seven weeks</u>. Should Your Honor grant plaintiffs' request to file a motion for leave to amend, Warden Zenk will address in greater detail the deficiencies present in the proposed pleading at that time.

We thank Your Honor for your attention to this matter and look forward to discussing these issues with Your Honor at the November 23, 2009 pre-motion conference.

Respectfully,

Allan N. Taffet

cc: All Counsel of Record (via ECF)