RICHARD P. CARO, J.D.

| 111 GROVELAND AVENUE | WWW.RPCJD.COM | (708) 447-0721 |
| RIVERSIDE, IL 60546 | RPC@RPCJD.COM | (312) 602-2624 |
| | | FAX (708) 447-0757 |

Hon. Stephen M. Gold, U.S. Mag.                                                               November 16, 2009
United States District Court E.D.N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: <u>Turkmen v. Ashcroft, No. 02 Civ. 2307</u>

Your Honor,

  Defendant Stuart Pray moves pursuant to Rule 12(c), Fed. R. Civ. P., for entry of an order either (a) on December 1, 2009, dismissing all the claims of alleged by Yasser Ebrahim, Hany Ibrahim, Shakir Baloch, Aasif-UR-Rehman Saffi, and Ashraf Ibrahim, or (b) upon the Second Circuit's  disposition of the pending appeal, on the ground that in five separately entered settlements, each of these Plaintiffs have settled and waived all their respective claims, alleged or not alleged, "known or unknown, arising directly or indirectly from the acts or omissions that gave rise" to the matters that are the subject matter of the Third Amended Complaint,  and, accordingly, all their claims alleged against all the Defendants in this action should be dismissed with prejudice as moot and no longer justiciable. The five Settlement Agreements are appended hereto as Exhibit I.

  On October 28, 2009, Plaintiffs advised all parties, *inter alia,* that these five Plaintiffs had entered into a Settlement Agreement with the United States which included dropping*, inter alia,* their claims against the individual Defendants, including Stuart Pray, and that they would move on November 2, 2009, for voluntary dismissal with prejudice of all the claims of these five MDC Plaintiffs.  Since private defense counsel were not privy to the settlement negotiations nor had been then provided copies of any settlement, on October 28, 2009, I asked that the terms of the settlement as they might  involve the claims alleged against Stuart Pray be disclosed.  On November 6, 2009, after I had confirmed that I had not received a copy of the  settlement, I and all other counsel were provided by email copies of five (5) Settlement Agreements entered into by  Plaintiffs Yasser Ebrahim, Hany Ibrahim, Shakir Baloch, Aasif-UR-Rehman Saffi, and Ashraf Ibrahim with Defendant United States.[1]   Since the Settlement Agreements have not been filed with the court, are not confidential and may be publicly disclosed, copies of these

---

[1] Plaintiffs presumably disclosed the Settlement Agreements to New York Times Reporter Nina Bernstein whose story about the settlement was published on Monday, November 2, 2009, and is available online at http://www.nytimes.com/2009/11/03/nyregion/03jail.html?_r=1&scp=4&sq=detainees&st=cse

Though Ms. Bernstein wrote that the Settlement Agreements were filed with the District Court, they had not been filed then or since then by Plaintiffs.

Settlement Agreements counsel were provided are appended hereto as Exhibit I.

On October 28, 2009, Plaintiffs also stated that Plaintiffs Yasser Ebrahim, Hany Ibrahim, Shakir Baloch, Aasif-UR-Rehman Saffi, and Ashraf Ibrahim would filed for dismissal of their pending appeals before the Second Circuit, which Plaintiffs have stated was done. In their recent filings with the Court they have stated that the dismissal motion was filed with the Circuit. Either on December 1, 2009, pursuant to new Rule 62.1, Fed. R. Civ. P., which is effective as of that day, or upon the Second Circuit's disposition of their appeals, all their claims in this action should be dismissed "with prejudice" as the Settlements provide, since their claims are now moot and no longer justiciable.

The Turkmen case thus no longer has any MDC Plaintiffs with active claims to be adjudicated and so that part of the case should be dismissed and closed with prejudice.

Dismissal under Rule 12(c) is appropriate under the circumstances. A Rule 12(c) motion may be made any time after pleadings are closed and before trial if a delay of trial will not result. Here the pleadings have been closed since 2005, extensive discovery has taken place and has now concluded after Plaintiffs were granted several extensions to conclude their discovery and no date for trial has been scheduled. Had these settlements not occurred, we would most likely be at the point of having a post discovery motion schedule set. So this Rule 12(c) motion meets these requirements.

The fact that these Settlement Agreements are not exhibits to the Third Amended Complaint does not preclude this Court from considering them in connection with a Rule 12(c) motion without having to treat the motion as one for summary judgment because these Settlement Agreements fall within the judicially recognized exceptions for documents whose authenticity is not questionable and one which the Court may take judicial notice of to decide a 12(c) motion without treating it as a motion for summary judgment:

> "*** A court may consider exhibits attached to or otherwise incorporated into the complaint, matters of public record, orders of record in the lawsuit, and other materials subject to judicial notice, all without converting the motion to one for summary judgment. In some instances, the court may even properly consider case-specific documents that are not attached to the complaint, in ruling on the motion. ***"

(Footnotes 350-354 omitted.) Baicker-McKee, Janssen and Corr, *Federal Civil Rules Handbook 2009* (Thomson/West).

The five Settlements Agreements clearly fall within this exception. Indeed Plaintiffs' papers refer to them and the five Stipulations of Dismissal included as Exhibit A to Plaintiffs November 16, 2009 letter to the Court, were executed in accordance with and as required by the

respective Settlement Agreements.² Furthermore, their motion to amend their pleadings with the Fourth Amended Complaint is premised on the fact that these current five MDC Plaintiffs have been dropped from the case and, as a result, they are no longer named in the new caption of the case.

Now that the five current MDC Plaintiffs and their claims have been settled and waived forever, the claims of the two remaining Plaintiffs remain and they may be dismissed by the pending appeal.³ Dismissing the five current MDC Plaintiffs and their claims now will allow the Court to evaluate Plaintiffs' proposed motion with the MDC part of the case closed, to decide whether to allow the MDC part of the case to, in effect, start anew with new Plaintiffs, and also in light of the Second Circuit's forthcoming decision on the merits of the claims of the two remaining Plaintiffs.⁴

For the reasons set forth above and in light of all the prior filings and proceedings had in this case, the claims of Yasser Ebrahim, Hany Ibrahim, Shakir Baloch, Aasif-UR-Rehman Saffi, and Ashraf Ibrahim should be dismissed with prejudice under Rule 12(c) effective December 1, 2009, as allowed by new Rule 62.1, or upon disposition and remand of the pending appeals in this case by the Second Circuit.

Respectfully yours,

*Richard P. Caro*

Richard P. Caro


cc: All counsel and Pro Se Defendants

---

² Plaintiffs presumably disclosed the Settlement Agreements to New York Times Reporter Nina Bernstein whose story about the settlement was published on Monday, November 2, 2009, and is available online at
http://www.nytimes.com/2009/11/03/nyregion/03jail.html?_r=1&scp=4&sq=detainees&st=cse

Though Ms. Bernstein wrote that the Settlement Agreements were filed with the District Court, they had not been filed then or since then by Plaintiffs.

³ The Second Circuit's decision on the claims of the remaining two Plaintiffs could result in the dismissal of their claims and end this litigation if the action is not amended and new plaintiffs added.

⁴ By Order entered July 10, 2006, the Court granted the motion of Syed Amjad Ali Jaffri for voluntary dismissal of his claims. Thus the eight (8) Turkmen Plaintiffs named in the Third Amended Complaint are accounted for.