RICHARD P. CARO, J.D.

| | | |
|---|---|---|
| 111 GROVELAND AVENUE | WWW.RPCJD.COM | (708) 447-0721 |
| RIVERSIDE, IL 60546 | RPC@RPCJD.COM | (312) 602-2624 |
| | | FAX (708) 447-0757 |

Hon. Stephen M. Gold, U.S. Mag.  November 18, 2009
United States District Court E.D.N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: Turkmen v. Ashcroft, No. 02 Civ. 2307

Your Honor,

    This is in Reply to Plaintiffs' Opposition to Stuart Pray's Rule 12(c) Letter Motion. Defendant Pray in his Rule 12(c) Motion has requested that all the claims of the MDC Plaintiffs against **all the Defendants** be dismissed since the five MDC Plaintiffs have agreed with the United States to an omnibus settlement of all their claims. Since mootness affects justiciability. there is no longer a case or controversey existing between the five MDC Plaintiffs and any of the Defendants. Hence subject matter jurisdiction no longer exists and it is only proper that active jurisdiction of the MDC Plaintiffs' claim cease. New Rule 62.1 is intended to deal with this type of situation. Defendants and their attorneys should not have to continue to bear any burden or further expense as a result of Plaintiffs' strategic decision not to seek immediate dismissal of the MDC Plaintiffs' claims.

    I see Plaintiffs' decision not to seek immediate dismissal as strategic for these reasons: Although Plaintiffs initially announced that they would seek a voluntary dismissal on November 2, 2009, also relying on new Rule 62.1, they did not do so, because it puts their proposed motion to add five new MDC Plaintiffs in a substantially better position if the MDC part of the case has not been dismissed. If the MDC part of the case is dismissed, the case then concerns only the claims of the two remaining Passaic Plaintiffs. To then add to the action which has been so substantially limited, and one that has been in active adjudication for 7.5 years, in which discovery has closed, and in which there is no longer an MDC part of the case, new MDC claims of five new Plaintiffs, who could have been added or intervened years ago, and, if added, would require substantial new discovery and the diversion again of substantial resources by the United States Marshals, is highly objectionable as other Defendants have noted for the ethical and legal reasons given. In addition, to bring dismissed Defendants back into the case would require the new Plaintiffs to serve new Summonses with the new Fourth Amended Complaint. So it is to Plaintiffs' advantage to keep the MDC part of the case in a non-dismissed status. It strengthens their mere substitution argument, positions their proposed motion to be viewed in a more sympathetic light.

    Defendants are entitled to a Judgment of Dismissal with prejudice now and not later at Plaintiffs' pleasure and Rule 12(c) may be properly utilized for this purpose under the circumstances. Subject matter jurisdiction no longer exists over the current five MDC Plaintiffs'

claims and new Rule 62.1 allows judgment to be entered on or after December 1, 2009, while the appeal is still pending.  Other than for the advantages Plaintiffs see for delaying entry of Judgment of the MDC claims, it is clearly in the interest of justice and in minimizing the costs, expenses and burdens for parties against whom there are no pending claims, that Judgment be entered dismissing with prejudice all the claims of the five MDC Plainitiffs against all the Defendants as soon as possible.

        Respectfully yours,

        *Richard P. Caro*

        Richard P. Caro


cc: All counsel and Pro Se Defendants