

U.S. Department of Justice
United States Attorney
Eastern District of Virginia

*Telephone: (703) 299-3700*
*Facsimile: (703) 299-3983*

March 11, 2010

**VIA ELECTRONIC FILING & FIRST-CLASS MAIL**

The Honorable John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Steven M. Gold
Chief United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Turkmen, _et al._ v. Ashcroft, _et al._**, No. 02 CV 2307 (JG)

Dear Judge Gleeson and Chief Judge Gold:

    Pursuant to Chief Judge Gold's order of March 4, 2010, please accept this correspondence as former Attorney General John Ashcroft's (in his individual capacity) response to the matters addressed in plaintiff's letter of March 3, 2010 (Dkt. No. 699).[1]

    The last time that these rather unexpected issues were before this Court – at a pre-motion conference in November 2009 – Chief Judge Gold noted that it was important to await the impending decision of the Second Circuit to determine the proper manner in which to proceed. Transcript (Dkt. No. 697), at 17 (attached as Exhibit A). As such, this response begins by reviewing the specific direction provided by the Court of Appeals regarding the procedure to be implemented on remand. At the outset, the Second Circuit unequivocally affirmed on the merits this Court's dismissal of plaintiff's claims that generally challenged the length of their detention (*i.e.*, claims 1-2, and 5). See Turkmen v. Ashcroft, 589 F.3d 542, 547-50 (2d Cir. 2009). And on plaintiff's remaining claims, after explaining that it would be this Court's decision in the first instance on whether to allow plaintiffs to amend their complaint yet again (and, *a fortiori*, to

---

    [1]The following individual-capacity defendants join in this response: (1) FBI Director Robert Mueller; (2) former INS Commissioner James Ziglar; (3) former Warden Dennis Hasty; (4) former Warden Michael Zenk; (5) James Cuciti; and (6) Salvatore LoPresti.

have new class members intervene), the Second Circuit provided as follows:

> If the district court denied leave to file the proposed Fourth Amended Complaint, it should evaluate the sufficiency of the Third Amended Complaint in light of the settlement and the heightened pleading standard. The district court *can then* address whether, under Twombly and Iqbal, the Third Amended Complaint fails to state a claim, or inadequately alleges the personal involvement of the moving defendants, or entitled the moving defendants to qualified immunity with respect to the conditions of confinement claims.

Id. at 547. The Second Circuit therefore provided this Court with clear instructions concerning the procedure to implement upon remand – (1) determine whether plaintiffs are entitled to file a Fourth Amended Complaint (and/or are entitled to have new plaintiffs intervene with respect to claims regarding the Metropolitan Detention Center in Brooklyn); and (2) then determine whether the resulting complaint (either the Third or Fourth Amended Complaint) survives challenge under Federal Rule 12(b)(6).

For this reason, we do not oppose either (1) the entry of an order dismissing all claims of Messrs. Saffi, Ebrahim, H. Ibrahim, Baloch, and A. Ibrahim; or (2) a briefing schedule regarding plaintiffs' motion to intervene and to file a Fourth Amended Complaint.[2] With respect to the latter, plaintiffs have accurately stated our position on the particular time periods for briefing of those motions. We respectfully submit that the deeply concerning circumstances surrounding plaintiff's motions – many of which were articulated in both our November 16, 2009 letter (Dkt. No. 686) and the United States' letter of the same date (Dkt. No. 688) and were mentioned at this Court's November 2009 conference – support the timeframes requested.

But despite the fact that the scope and outright legitimacy of their claims remains very much in doubt, and despite the Second Circuit's clear mandate for remand, plaintiffs now also wish to recommence briefing on issues of class certification – *during* briefing on the complex and substantial questions surrounding plaintiffs motion for intervention and to amend. Perhaps unsurprisingly, the only rationale that plaintiff can muster for such briefing is their own subjective statement that they "would now like to proceed with that motion." Letter (Dkt. No. 699), at 2. Because briefing on that issue at this time would be both procedurally and substantively improper, and would undeniably waste valuable judicial resources, this Court should deny plaintiff's request to obfuscate the weighty and troubling issues encircling their intervention and amendment requests.

More specifically, it is simply axiomatic that issues of class certification turn, in large measure, upon the nature and scope of plaintiffs' allegations and legal causes of action. See, e.g.,

---

[2]Plaintiff's correspondence to Your Honors (Dkt. No. 699) is somewhat inconsistent on this point. Initially, plaintiff's request "a schedule for briefing" their forthcoming motion seeking leave both for intervention of new plaintiffs "and to submit a new amended complaint." Letter (Mar. 3, 2010) (Dkt. No. 699), at 1. But later in that same letter, in discussing the specifics of their proposed briefing schedule, plaintiffs speak only of their "motion for intervention," without recognizing the obvious – that they must also *move* for *leave* to amend their complaint yet again. Id. at 2. Moreover, as this Court clearly recognized at the last hearing on this topic, plaintiffs have yet to be granted "leave to file" (or serve) their Fourth Amended Complaint; accordingly, plaintiffs' concerns about "filing" that *proposed* amended complaint remain completely premature.

Langbecker v. Electr. Data Sys. Corp., 476 F.3d 299, 306-07 (5th Cir. 2007) (holding that, in adjudicating motions for class certification, courts "must evaluate with rigor the *claims*, defenses, *relevant facts*, and applicable substantive law in order to make a meaningful determination of the certification issues" (emphasis added)). But this very issue – the scope and nature of plaintiffs' allegations and claims (as well as the parties to those claims)– remains *unknown* at this point in the litigation given plaintiffs' motion for intervention and to amend. Put perhaps more simply, this Court's ultimate decision on plaintiffs' forthcoming motion for intervention and to amend will determine the nature and scope of plaintiffs' allegations and claims – without which it is impossible for the parties to brief (much less for this Court to determine) the propriety of class certification. In plaintiffs' words, if this Court were to deny their forthcoming motion – thus leaving in place the Third Amended Complaint as modified by the clear and unequivocal terms of the settlement – such would "dispose" of "*all* of the claims involving the Metropolitan Detention Center in Brooklyn, New York." Letter from Meeropol to Wolfe (8/24/09), at 1 (attached at Exhibit B) (emphasis added). Such would "dispose" not only of an entire category of *claims*, but also several individual-capacity *defendants* as well. Plaintiffs nevertheless ostensibly ask this Court to require class certification briefing on all *potential* claims, by all *potential* defendants. It is simply obvious that such briefing – given the undetermined nature of plaintiffs' claims and the defendants against which those claims are to be asserted – would be a rather fruitless and wasteful exercise (for both the parties and this Court) at this juncture.

Moreover, class certification briefing is similarly inappropriate as a *substantive* matter. As the Second Circuit recently mandated, this Court is to determine whether plaintiffs are entitled to intervention and/or to file a Fourth Amended Complaint, and based upon that decision, determine whether the operative complaint survives a threshold motion to dismiss (on, *inter alia*, application of the Supreme Court's teachings in Iqbal and Twombly). Indeed, as the Second Circuit also clearly indicated, the question of whether the individual-capacity defendants are entitled to qualified immunity on plaintiffs' *remaining* claims – a question that the Supreme Court has repeatedly held must be decided "at the earliest possible stage of the litigation," Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam) – remains outstanding. That question, which asks whether plaintiffs' claims against government officials in their individual capacities have any merit, should certainly be decided *before* the issue of class certification – *especially* when it remains unclear what *putative* class (*i.e.*, MDC or Passaic) will even continue to be a viable part of this litigation.

For these reasons, this Court should preclude briefing on the class certification issue at this time.

///
///

Sincerely,

Dennis C. Barghaan, Jr.
Assistant United States Attorney
Special Department of Justice Attorney
Counsel for John Ashcroft

Additional Counsel:

Craig Lawrence
Assistant United States Attorney
Special Department of Justice Attorney
Counsel for Robert Mueller

William Alden McDaniel
Law Offices of William Alden McDaniel
Counsel for James Ziglar

Michael L. Martinez
Crowell & Moring
Counsel for Dennis Hasty

Allan Taffet
Duval & Stachenfeld LLP
Counsel for Michael Zenk

Jerold Wolin
Wolin & Wolin
Counsel for James Cuciti

James Keefe
Counsel for Salvatore LoPresti

cc: All counsel (via electronic filing only)