UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **IBRAHIM TURKMEN,** *et al.*, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:02cv2307 (JG) (SG)** |
| | ) | |
| | ) | |
| **JOHN ASHCROFT,** | ) | |
| **Former Attorney General of the** | ) | |
| **United States,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF
THE MOTION TO DISMISS OF DEFENDANT JAMES ZIGLAR, FORMER
COMMISSIONER OF THE IMMIGRATION AND NATURALIZATION SERVICE OF
THE UNITED STATES**

LAW OFFICES OF WILLIAM ALDEN
  MCDANIEL, JR.

**William Alden McDaniel, Jr.**

**118 West Mulberry Street**
**Baltimore, Maryland 21201**
**410.685.3810**
**wam@wamcd.com**

*Attorneys for Defendant, James W. Ziglar,*
*former Commissioner of the Immigration And*
*Naturalization Service Of The United States*

**November 12, 2010**

Defendant James Ziglar was, during at least some of the time relevant to the allegations of the plaintiffs' Fourth Amended Complaint, the Commissioner of the department of government then known as the Immigration And Naturalization Service ("INS").   Mr. Ziglar has moved to dismiss that Fourth Amended Complaint under FED. RULE CIV. PRO. 12(b)(6) on the ground that—just like the four previous complaints filed by the predecessor plaintiffs—this latest complaint suffers from fatal legal flaws.

## I.        ALLEGATIONS OF MR. ZIGLAR'S INVOLVEMENT IN UNCONSTITUTIONAL ACTS

Plaintiffs purport to sue Mr. Ziglar in his individual capacity.   The specific allegations of their Fourth Amended Complaint, however, lack specificity as regards what Mr. Ziglar himself may have done or not done:   of the nineteen paragraphs of the Fourth Amended Complaint that purport to allege a fact about Mr. Ziglar, all but three lump him with defendant John Ashcroft and defendant Robert Mueller.   For example, ¶ 6 alleges that "[b]y creating and implementing the policy to place MDC Plaintiffs and class members in unduly restrictive and punitive conditions of confinement, Defendants Ashcroft, Mueller and Ziglar violated Plaintiffs' and class members' rights under the First, Fourth and Fifth Amendments to the United States Constitution."   (To the same effect:   ¶¶ 7, 37, 48, 51, 53, 56, 60, 64, 66-68, 75, 79, 96 & 306).   Only three seem to name Mr. Ziglar individually, ¶¶ 23, 55 & 62, but upon inspection, even these make the same sort of collective averments as do the other paragraphs of the pleading.   Paragraph 23, for example, alleges:   "Ziglar was part of the small group of government employees who, under Ashcroft's direction," violated plaintiffs' rights.   Thus, all of plaintiffs' averments about Mr. Ziglar consist of generalized allegations that he and others engaged in allegedly unlawful acts.

Based on these generalized allegations, plaintiffs seem to assert five substantive constitutional causes of action and one claim of conspiracy against Mr. Ziglar and the other defendants.   The First and Second Claims allege constitutional violations arising from the conditions under which plaintiffs were confined; the Third Claim alleges a violation of their right to practice their religion; and the Fourth and Fifth Claims allege that defendants interfered with plaintiffs' rights to communicate with the outside world and with their lawyers in particular.   While the Sixth Claim (alleging improper strip searches of the plaintiffs) by its terms does not apply to Mr. Ziglar—plaintiffs assert it against only the "MDC Defendants," of whom Mr. Ziglar was not one—the Seventh Claim, for conspiracy against all defendants, seeks to hold Mr. Ziglar liable for the substantive violations asserted in plaintiffs' Sixth Claim as well.   Fourth Amended Complaint ¶ 305 (all defendants, including Mr. Ziglar, agreed "to implement a policy and practice where by Plaintiffs were harassed, physically and verbally abused, subjected to harsh and punitive conditions of confinement, subjected to routine and unreasonable strip searches").

Nowhere in this latest pleading, however, do plaintiffs state exactly what Mr. Ziglar himself did to violate their rights.   Plaintiffs offer a lot of conclusions about Mr. Ziglar's supposed prejudice against them and make vague and generalized allegations about his participation in various decisions, but one reads this latest complaint in vain to determine exactly how Mr. Ziglar violated any of the plaintiffs' rights as alleged.   For example, plaintiffs allege that "along with a small group of high-level government employees," a group including Mr. Ziglar, Fourth Amended Complaint ¶ 62, Attorney General Ashcroft "created many of the unreasonable and excessively harsh conditions under which Plaintiffs and other class members were detained, and authorized others of those conditions."   *Id.* ¶ 21.   But plaintiffs do not stoop to allege what conditions this group created or authorized.   In the same vein, plaintiffs allege that Attorney General Ashcroft, Mr.

3

Ziglar, and other Department of Justice officials "mapped out ways to exert maximum pressure" on those arrested as a part of the investigation and "to restrict the . . . ability to contact the outside world."   *Id.* ¶61.   But plaintiffs do not detail the "methods" that were "mapped out" by these senior officials. Indeed, in other parts of their complaint plaintiffs aver that their specific conditions of confinement at the MDC were developed at the MDC and approved by BOP personnel.   *Id*. ¶¶ 67; 75; 79 & 96.   None of these allegations so much as mention Mr. Ziglar, though they contain the totality of the averments regarding the interference with their religious practices.   *Id*. ¶¶ 103-140. Plaintiffs have thus failed sufficiently to allege that Mr. Ziglar, through his own actions, through what he did for failed to do, may be held liable for any injuries plaintiffs may have suffered.   The Fourth Amended Complaint thus fails the test of *Aschcroft v. Iqbal*, 129 S.Ct. 1937 (2009), which requires a complaint to set forth facts making out a "plausible" basis for believing the plaintiff can prove a legally-sufficient claim.

In addition, the Fourth Amended Complaint fails to allege sufficient personal involvement by Mr. Ziglar to overcome his defense of qualified immunity.   *See* Part III, below. And for these reasons, the Fourth Amended Complaint fails to allege sufficient facts to support the exercise of personal jurisdiction over Mr. Ziglar by this Court.

Specifically, the Fourth Amended Complaint fails to allege facts that state plausible claims—as opposed to a merely possible set of facts—that could support imposing liability on Mr. Ziglar for the conditions of confinement under which plaintiffs claim they were held.   The only factual allegation about Mr. Ziglar in this regard, noted above, is that he was part of the group that desired to "exert maximum pressure" on those who had been "arrested in connection with the terrorism investigation."   Fourth Amended Complaint ¶61.   This falls far short of the requirement that plaintiffs present a plausible allegation that Mr. Ziglar, by his own

4

actions, violated plaintiffs' rights through their conditions of confinement.   The government

exerts pressure on defendants every day, often maximum pressure, and can plausibly do so in a

way consistent with all the requirements of the Constitution.   This allegation is perfectly

consistent with lawful behavior.   It fails the *Iqbal* test.

Nor have plaintiffs alleged a plausible claim that Mr. Ziglar, himself, acted from

any improper bias.   The Supreme Court disposed of this argument in *Iqbal,* 129 S.Ct. at 1951,

when it noted that "[i]t should come as no surprise that a legitimate policy directing law

enforcement to arrest and detain individuals because of their suspected link to the attacks would

produce a disparate, incidental impact on Arab Muslims."

Plaintiffs similarly have failed to plead a plausible claim that Mr. Ziglar infringed

their religious rights.   Plaintiffs' allegations concerning religious restrictions do not mention any

specific involvement by Mr. Ziglar.   Fourth Amended Complaint ¶¶ 65 & 131-39.   To the

contrary, plaintiffs' allegations place responsibility for these restrictions upon other subordinate

officials within the Department of Justice.   In the same way, plaintiffs' complaint fails to allege

Mr. Ziglar's plausible involvement in the so-called communications blackout or in interfering with

communications with lawyers.   The Fourth Amended Complaint makes no allegations that Mr.

Ziglar did anything specific in connection with this aspect of the case,

With regard to conspiracy, setting aside the vague allegations of an agreement

among defendants Ashcroft, Mueller, and Ziglar (which themselves are not plausible), plaintiffs

have not sufficiently alleged that the goal of any such "agreement" was to compromise plaintiffs'

constitutional rights, let alone to do so with unlawful animus.   The law has long been settled, that

such an unconstitutional purpose is an element of a § 1985 claim.   *E.g., Griffin v. Breckinridge,*,

403 U.S. 88, 102 (1971).   The plaintiffs have simply failed to allege any facts that support a

plausible claim that Mr. Ziglar entered into an agreement with anyone to deprive plaintiffs of their rights.

Because the Fourth Amended Complaint treats Mr. Ziglar *exactly* as it treats defendant Ashcroft and Mueller, Mr. Ziglar respectfully adopts and incorporates herein all the arguments made by those defendants in the memoranda they are filing in this Court in support of their motions to dismiss the Fourth Amended Complaint on this point, that is, that this pleading fails to allege with sufficient specificity any basis for holding defendants liable, for overcoming the defense of qualified immunity, or for exercising personal jurisdiction in New York.

## II.        NO IMPLIED REMEDY UNDER *BIVENS*

Both the existence of a comprehensive legislative scheme and of the "special factors" mandate that this Court decline to create a remedy for the wrongs of which plaintiffs here complaint under *Bivens v. Six Named, Unknown Agents,* 403 U.S. 388 (1971).   Such remedies should only rarely be created.   *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007); *Arar v. Ashcroft,* 585 F.3d 559, 571 (2d Cir. 2009) (en banc).   In making this determination, this Court must conduct a two-step analysis:   first, determine whether there exists "an alternative, existing process for protecting the interest" at issue.   *Wilkie,* 551 U.S. at 550.   But then, "even in the absence of an alternative," this Court must determine if there exist "any special factors counseling hesitation." *Ibid.*

For the reasons stated in the memoranda filed by defendants Ashcroft and Mueller, Mr. Ziglar believes that this Court should find that both prongs of the test require that it not create a *Bivens* remedy in the circumstances of this case.   Mr. Ziglar expressly adopts and incorporates the arguments these co-defendants on this issue.

6

III.        QUALIFIED IMMUNITY

        Mr. Ziglar has qualified immunity from liability for the claims alleged in the Fourth

Amended Complaint, because his actions did not violate "clearly established statutory or

constitutional rights of which a reasonable person would have known."   *Behrens v. Pelletier,* 516

U.S. 229, 305 (1996).   The complaint here does not allege violation of clearly-established

constitutional rights of which a reasonable government official would have known.   For the

reasons stated in the memoranda filed by defendants Ashcroft and Mueller, Mr. Ziglar believes

that this Court should find that Mr. Ziglar enjoys qualified immunity.   Mr. Ziglar expressly adopts

and incorporates the arguments these co-defendants on this issue.


<u>CONCLUSION</u>

        This Court should grant the Motion To Dismiss OF Defendant James Ziglar,

Former Commissioner Of The Immigration And Naturalization Service Of The United States.


                  /s/ *William Alden McDaniel, Jr.*
                  William Alden McDaniel, Jr.

                  Law Office of William Alden McDaniel, Jr.
                  118 West Mulberry Street
                  Baltimore, Maryland 21201-3606
                  wam@wamcd.com


                  *Attorneys for Defendant, James W. Ziglar,*
                  *former Commissioner of the Immigration And*
                  *Naturalization Service Of The United States*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel as follows:

Rachel Anne Meeropol
Center for Constitutional Rights
666 Broadway 7th Floor
New York, New York 10012
RachelM@ccrjustice.org

Michael Winger
c/o Center for Constitutional Rights
666 Broadway 7th Floor
New York, New York 10012
michael1winger@gmail.com

Craig Lawrence
United States Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.   20001
craig.lawrence@usdoj.gov

Dennis C. Barghaan, Jr.
Assistant U.S. Attorney
Special Department of Justice Attorney (28 U.S.C.  §  515)
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

Debra L. Roth
Shaw Bransford Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W., Suite 900
Washington, D.C.   20036
droth@shawbransford.com

Michael L. Martinez
David Bell
Crowell & Moring
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
mmartinez@crowell.com
dbell@crowell.com

Allan N. Taffet
Joshua C. Klein
Duval & Stachenfeld, LLP
300 East 42nd Street
New York, New York 10017
ataffet@dsllp.com
jklien@dsllp.com

James J. Keefe
1399 Franklin Avenue
Garden City, New York 11530
jkeefe@nylawnet.com


I further certify that I have transmitted a true and correct copy of the foregoing via first-class mail to the following "non-filing user":

Joseph Cuciti
3944 Howard Avenue
Seaford, New York 11783


Date: November 12, 2010                    /s/ *William Alden McDaniel, Jr.*
                                           William Alden McDaniel, Jr.

                                            Law Office of William Alden McDaniel, Jr.
                                           118 West Mulberry Street
                                           Baltimore, Maryland 21201-3606
                                           wam@wamcd.com


                                           *Attorneys for Defendant, James W. Ziglar,*
                                           *former Commissioner of the Immigration And*
                                           *Naturalization Service Of The United States*

9