UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IBRAHIM TURKMEN, *et al.*,

                Plaintiffs

    -against-

JOHN ASHCROFT, *et al.*,                    02-CV-2307 (JG) (SG)

                Defendants.
----------------------------------------------------------X

## DEFENDANT ROBERT MUELLER'S MEMORANDUM JOINING IN ATTORNEY GENERAL ASHCROFT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

RONALD C. MACHEN JR.
United States Attorney

R. CRAIG LAWRENCE
Assistant United States Attorney
Special Department of Justice Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7159
Fax: (202) 514-8780
Email: craig.lawrence@usdoj.gov

DATE: November 12, 2010

Attorneys for Robert Mueller, Director, Federal Bureau of Investigation, in his individual capacity

Director Robert Mueller of the Federal Bureau of Investigation hereby joins in the Motion to Dismiss and the MEMORANDUM OF LAW IN SUPPORT OF FORMER ATTORNEY GENERAL JOHN ASHCROFT'S MOTION TO DISMISS. By motion and memorandum in support, former Attorney General Ashcroft has moved to dismiss plaintiffs' Fourth Amended Complaint. The facts alleged and the claims against General Ashcroft and Director Mueller in the Fourth Amended Complaint (FAC) reflect no material differences. Consequently, the defenses advanced by General Ashcroft apply equally to Director Mueller.

Factually, the different allegations against Director Mueller contend that he ordered that all tips that the FBI received related to the September 11 attacks be investigated (FAC ¶ 41), and that he directed that CIA name traces be requested before clearing persons of interest ( FAC ¶¶ 57, 168, 262). Otherwise, the allegations and the claims of the Fourth Amended Complaint generally lump General Ashcroft and Director Mueller together.

1. The unique and unprecedented circumstances following the terrorist attacks of September 11, 2001, placed law enforcement in a context it had never faced. Responding to the national emergency that ensued was uncharted territory. Against that backdrop the issues dealing with the treatment of aliens in the context of that national emergency constitutes a special factor counseling hesitation for courts in the creation of a Bivens remedy. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). And an additional factor in that analysis is the comprehensive remedial scheme governing the situation of aliens created by Congress in the Immigration and Nationality Act. Consequently, this Court should decline to create a Bivens remedy in this

unprecedented context, especially with the comprehensive legislative coverage of this area by the INA. See Wilkie v. Robbins, 551 U.S. 537, 550 (2007); Arar v. Ashcroft, 585 F.3d 559, 571 (2d Cir. 2009)(en banc).

    2. a. Even were there not special factors counseling against creation of a Bivens remedy in this context, Director Mueller, along with General Ashcroft, is entitled to qualified immunity because the facts alleged in the FAC fail to plead Director's personal involvement in the alleged constitutional violations. In none of the claims - -conditions of confinement, purposeful discrimination, restricting free exercise religion during confinement, communications blackout, and conspiracy- -do plaintiffs plead facts that would establish Director Muller's personal involvement. E.g., Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

    b. Finally, the allegations fail to state a violation of clearly established law. There was no law that addressed the issues raised by the FAC in the unique context of the national emergency following the September 11 terrorist attacks on our shores. No cases put Director Mueller on notice that his conduct of the ensuing investigation "in the situation he confronted" was in any way constitutionally infirm. E.g., Saucier v. Katz, 533 U.S. 194, 202 (2001).

## Conclusion

For the foregoing reasons and those presented in former Attorney General's Motion to Dismiss and Memorandum in Support, plaintiffs' Fourth Amended Complaint, as against Director Mueller should be dismissed.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney
        District of Columbia

By:     /s/
        R. CRAIG LAWRENCE (RL 4567)
        Assistant United States Attorney
        U.S. Attorney's Office
        Judiciary Center Building
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-7159

        Special Department of Justice Attorneys
        Appearing Pursuant to 28 U.S.C. § 515

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2010, I electronically filed the foregoing Defendant Robert Mueller's Memorandum Joining In Attorney General Ashcroft's Motion To Dismiss and Memorandum of Law In Support the Clerk of Court using the CM/ECF system which will send a notification of such filing ("NEF") to counsel as follows:

Rachel Meeropol
Michael Winger
Center for Constitutional Rights
666 Broadway 7th Floor
New York, NY 10012

Dennis Barghaan
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Ave.

Alan N. Taffet
Joshua C. Klein
Duval & Stachenfeld LLP
300 East 42nd St.
New York, NY 10017

James Keefe
1399 Franklin Ave.
Garden City, NY 11753

William Alden McDaniel, Jr.
Law Offices of William Alden McDaniel, Jr.
118 West Mulberry St.
Baltimore, MD 21201

Debra Roth
Shaw Bransford & Roth, PC
1100 Connecticut Ave. NW Suite 900
Washington, D.C. 20036

                                    /s/
                                  R. Craig Lawrence
                                  Assistant United States Attorney
                                  U.S. Attorney's Office
                                  Judiciary Center Building
                                  555 4th Street, N.W.
                                  Washington, D.C. 20530