

666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6432

August 11, 2011
BY ECF

The Hon. John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Turkmen v. Ashcroft*, 02 CV 2307 (JG)(SMG)

Dear Judge Gleeson:

      We write to call Your Honor's attention to new supplemental authority relevant to Defendants' pending motions to dismiss the Fourth Amended Complaint in this case. Two recent decisions, *Vance v. Rumsfeld*, No. 10-1687, 2011 U.S. App. LEXIS 16338 (7th Cir. Aug. 8, 2011), and *Doe v. Rumsfeld*, No. 08-1902, 2011 U.S. Dist. LEXIS 85014 (D.D.C. Aug. 2, 2011) bear on multiple issues raised by the pending motions, including pleading standards, supervisory liability, and the availability of a *Bivens* remedy.

      Both *Vance* and *Doe* allow substantive due process *Bivens* claims against former Defense Secretary Donald Rumsfeld by United States citizens detained in Iraq, and tortured and abused while in United States custody, based on allegations that Mr. Rumsfeld created the policies that led to those plaintiffs' torture and abuse. *See Vance*, 2011 U.S. App. LEXIS 16338 at *54-98; *Doe,* 2011 U.S. Dist. LEXIS 85014, at *19-34. The *Vance* court held that no alternative scheme forecloses *Bivens* relief, despite the existence of an administrative process for detainee complaints, and congressional action in the general area that did not allow for detainee private rights of action. *See* 2011 U.S. App. LEXIS 16338 at *65-66 ("the administrative remedy of inviting detainees to complain about their treatment is … nothing like the alternative remedies that the Supreme Court has found to preclude *Bivens* remedies in *Scheiker* and *Bush*");[1] *see also id.* at *90-91 (regarding congressional inaction). Further, Mr. Rumsfeld's concern that litigation "would inevitably require judicial intrusion into matters of national security" did not present a special factor counseling hesitation. 2011 U.S. App. LEXIS 16338, at *77-79.

---

[1] In *Turkmen,* the administrative remedies usually available to prisoners were not provided to the 9/11 detainees. *Fourth Amended Complaint* at ¶ 140.

The Hon. John Gleeson
August 11, 2011
Page 2

      In recognition of Your Honor's statements at argument regarding the difficult interaction between the qualified immunity and *Bivens* doctrines, we note the *Doe* court's observation that "*Bivens* itself—as well as the Supreme Court's subsequent decisions in *Carlson* and *Passman* allowing *Bivens* remedies for Fifth Amendment and Eighth Amendment violations—required delicate line drawing in areas involving largely subjective determinations." 2011 U.S. Dist. LEXIS 85014, at * 35. This supports *Turkmen* plaintiffs' argument that a *Bivens* remedy must be available for their communications blackout and communications restrictions First Amendment claims (Counts Four and Five of the Fourth Amended Complaint), despite the "delicate line-drawing" required with respect to such claims as a matter of substantive law and qualified immunity.

      Separate and apart from these First Amendment *Bivens* claims are *Turkmen* plaintiffs' claims that Defendants' explicit policy to exert maximum pressure and restrict the 9/11 detainees' ability to contact the outside world directly caused Plaintiffs' detention in the ADMAX SHU in conditions clearly unlawful for civil immigration detainees. *See Fourth Amended Complaint* at ¶¶ 66; 278. Here, too, the *Vance* and *Doe* courts' analysis of the allegations against Mr. Rumsfeld are illuminating. *See Doe*, 2011 U.S. Dist. LEXIS 85014, at *39-44 (citing allegations that Rumsfeld convening a working group to approve interrogation techniques and ordered the "Gitmo-izing" of Camp Cropper, in finding that, while "it may be unlikely that Rumsfeld evaluated the detention conditions of each detainee in detail, it is not implausible that he authorized the use of interrogation techniques on the detainee population…".); *Vance*, 2011 U.S. App. LEXIS 16338, at * 21 ("[w]hile it may be unusual that a high-level official would be personally responsible for the treatment of detainees, here we are addressing an unusual situation where issues concerning harsh interrogation techniques and detention policies were decided, at least as plaintiffs have pled, at the highest levels of the federal government.")

      In both *Vance* and *Doe*, motions to dismiss were denied because plaintiffs' allegations, though not conclusive, identified "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of Rumsfeld's personal involvement in the alleged torturous treatment." *Doe*, U.S. Dist. LEXIS 85014 at *43, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Vance,* 2011 U.S. App. LEXIS 16338, at * 36-38. So too, should the *Turkmen* defendants' motions be denied.

                                                    Respectfully submitted,

                                                    s/Rachel Meeropol
                                                    Rachel Meeropol

cc:       All counsel (by ECF)
           Defendant Cuciti (by mail and email)