

U.S. Department of Justice
United States Attorney
Eastern District of Virginia

*Telephone: (703) 299-3700*
*Facsimile: (703) 299-3983*

August 29, 2011

**VIA ELECTRONIC FILING & FIRST-CLASS MAIL**

The Honorable John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    __Turkmen, *et al.* v. Ashcroft, *et al.*__, No. 02cv2307 (JG)

Dear Judge Gleeson:

    Please accept this correspondence as the response of former Attorney General John Ashcroft, in his individual capacity, to plaintiffs' recent letter (Dkt. No. 762) regarding the applicability of two decisions from outside this jurisdiction – Vance v. Rumsfeld, No. 10-1687, 2011 U.S. App. LEXIS 16388 (7th Cir. Aug. 8, 2011); Doe v. Rumsfeld, No. 08-1902, 2011 U.S. Dist. LEXIS 85014 (D.D.C. Aug. 2, 2011) – to the defendants' pending motions to dismiss. In short, both Vance and Doe (even if correctly decided) present far different allegations than those averred in plaintiffs' Fourth Amended Complaint; thus, neither decision provides plaintiffs with any assistance.

    First, neither Vance nor Doe supports plaintiffs' contention that they have adequately pled a plausible claim that the former Attorney General was personally involved in the purported unconstitutional actions surrounding their confinement. Indeed, the juxtaposition of the allegations regarding Secretary Rumsfeld's personal involvement in Vance and Doe (which those courts held sufficient), with the allegations of General Ashcroft's involvement here, plainly demonstrates the *insufficiency* of plaintiffs' Fourth Amended Complaint under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

    Unlike plaintiffs' Fourth Amended Complaint here, Ashcroft Mem. (Dkt. No. 736), at 14-21; Ashcroft Rep. (Dkt. No. 752), at 9-20, the complaints in Vance and Doe (which presented virtually identical allegations regarding Secretary Rumsfeld's involvement) contained several allegations regarding Rumsfeld's personal involvement in authorizing and approving the *specific* conditions of confinement that plaintiffs maintained were unconstitutional. See Vance, 2011 U.S. App. LEXIS 16388, at *24-28; Doe, 2011 U.S. Dist. LEXIS 85014, at *39-42. For example, in Vance, plaintiffs alleged that in 2002, Rumsfeld "personally approved a list of

torturous interrogation techniques for use on detainees" that "included the use of 20–hour interrogations, isolation for up to 30 days, and sensory deprivation." Vance, 2011 U.S. App. LEXIS 16388, at *24-25; see also Doe, 2011 U.S. Dist. LEXIS 85014, at *39. The Vance plaintiffs also alleged that in 2003, Rumsfeld "approved a new set of policies that included isolation for up to 30 days, dietary manipulation, and sleep deprivation," and "directed that the techniques in place at Guantanamo Bay also be extended to Iraq." Id. at *25; see also id. at *30-31 (averring that in 2005, Rumsfeld "added ten classified pages to the Field Manual, which included cruel, inhuman, and degrading techniques"); Doe, 2011 U.S. Dist. LEXIS 85014, at *39. These specific allegations regarding Rumsfeld's involvement in approving those specific conditions of confinement that were the subject of plaintiffs' Bivens claims allowed those causes of action to proceed. See Vance, 2011 U.S. App. LEXIS 16388, at *34-37; Doe, 2011 U.S. Dist. LEXIS 85014, at *43. Plaintiffs' Fourth Amended Complaint, by contrast, contains *no* allegation that similarly avers the former Attorney General's approval of *any* of the specific conditions that plaintiffs maintain were unconstitutional.

Nor do Vance and Doe undermine the former Attorney General's position, see Ashcroft Mem., at 5-11; Ashcroft Rep., at 1-9, that this Court should not create a Bivens remedy in the unique context out of which plaintiffs' detention arose. In creating Bivens remedies, both courts focused on plaintiffs' status as United States citizens. See Vance, 2011 U.S. App. LEXIS 16388, at *83 ("The fact that the plaintiffs are U.S. citizens is a key consideration here as we weigh whether a *Bivens* action may proceed"); Doe, 2011 U.S. Dist. LEXIS 85014, at *31-32. But plaintiffs here are aliens who were detained pending removal from the United States pursuant to a comprehensive remedial scheme (*i.e.*, the Immigration and Nationality Act) entirely absent in Vance and Doe. Finally, Vance and Doe's analysis of whether national security implications constituted a "special factor" counseling against recognition of a Bivens remedy cannot be squared with the Second Circuit's *en banc* decision in Arar v. Ashcroft, 585 F.3d 559 (2d Cir. 2010) (en banc) – especially with respect to plaintiffs' First Amendment claims, and the specific emergency context involving national security implications out of which those claims arise.

Sincerely,

Dennis C. Barghaan, Jr.
Assistant United States Attorney
Special Department of Justice Attorney
Counsel for John Ashcroft

cc: Counsel of Record (via ECF)